■ WAYNE L. METCALF, Appellant-Respondent, v CITY OF CORTLAND, Respondent, and ROGER SAUL et al., Respondents-Appellants.—Cross-appeals from an order of the Supreme Court at Special Term, entered April 6, 1976 in Cortland County, which granted defendant City of Cortland summary judgment dismissing the complaint of plaintiff and the cross-claim of defendants Roger and Patricia Saul, and appeal from an order of the same court, entered April 19, 1976 in Cortland County, which denied a motion by the Sauls for summary judgment against plaintiff. On October 25, 1974, plaintiff was visiting his wife in her apartment which was located in a multiple residence owned by defendants Roger and Patricia Saul in the City of Cortland. Upon leaving the building and attempting to enter an automobile parked in the driveway thereof, plaintiff stepped on a cement retaining wall located entirely on land owned by respondent city. When he did, a portion of the wall allegedly gave way under him and caused him to fall 8 to 10 feet into the adjacent municipally owned parking lot seriously injuring his ankle. As a result, he commenced this action for monetary damages allegedly sustained by reason of the negligence of the City of Cortland and the Sauls. Special Term granted summary judgment in favor of the city, but denied a motion for summary judgment by the Sauls on the ground that there was a factual issue as to whether they were liable to plaintiff for the maintenance of a nuisance. These appeals ensued. Initially, we find that the grant of summary judgment in favor of the city must be reversed. Based upon a determination that plaintiff, as a trespasser on municipal land, was owed no duty by the city other than for it "to refrain from intentional injury or the setting of traps," this ruling is plainly contrary to the recent holding of the Court of Appeals that status is no longer determinative on the degree of care owed by a landowner to one coming upon his land *(Basso v Miller,* 40 NY2d 233). As for Richard and Patricia Saul, the complaint as to them should have been dismissed. The injury, as alleged by plaintiff, occurred on realty owned by the city and was clearly caused by the collapse of the retaining wall situated thereon. Nothing in the record here, however, indicates that the Sauls by their conduct contributed in any way either to the weakened condition of the wall or its ultimate collapse. Accordingly,

they cannot be held liable to plaintiff either in negligence or for the maintenance of a nuisance. Order entered April 6, 1976 modified, on the law, with costs to plaintiff against the defendant city, by reversing so much thereof as granted defendant city's motion to dismiss plaintiff's complaint, and complaint reinstated as against the defendant city; order entered April 19, 1976 reversed, on the law, with costs to defendants Saul against plaintiff; defendants Saul's motion granted, and complaint against them dismissed. Greenblott, J. P., Sweeney and Main, JJ., concur; Larkin and Herlihy, JJ., concur in part and dissent in part in the following memorandum by Larkin, J. We concur with the majority opinion insofar as it reinstates the complaint against the City of Cortland. We dissent from so much of the majority opinion as dismisses the complaint against the defendants Roger and Patricia Saul. The car of the plaintiff was parked in a driveway owned by the defendants Saul. The driveway was very narrow. The car doors could not be opened on one side because of a retaining wall and a building. The plaintiff, in getting in the car on the other side, thereupon walked around the open door. In so doing, it was necessary for him to step on the retaining wall owned by the city. Allegedly, that wall was in a state of disrepair and gave way when the plaintiff stepped on it, causing him to fall and be injured. The motion for summary judgment dismissing the complaint brought by defendants Saul was based, according to the affidavit of the attorney for the moving defendants, "solely on the ground that the accident did not occur on property which the defendants owned or controlled, or for which they had any responsibility". The majority opinion herein states that the injury as alleged by the plaintiff occurred on realty owned by the city and that the record is barren of any evidence of conduct by defendants Saul which contributed, in any way, to either the condition of the wall or its ultimate collapse. Therefore, the majority state that the Sauls cannot be held liable. With this contention we respectfully disagree. The fact that the plaintiff was allegedly injured on another's property does not automatically absolve the defendant from liability. In *Scurti v City of New York* (40 NY2d 433) the court reaffirmed that " 'reasonable care under the circumstances whereby foreseeability shall be a measure of liability' " is the standard in negligence cases (p 437). In that case a high school student entered a railroad yard through a hole in the fence at the rear of the playground owned by the City of New York and then climbed on top of a freight car and was electrocuted. The Court of Appeals, in ordering a new trial, stated that the City of New York and others "owned or operated the instrumentalities which caused or contributed to the boy's death and the jury could find that under the circumstances, they failed to use reasonable care to avoid a foreseeable injury" (p 439). In the same case, Chief Judge Breitel in a separate concurring opinion stated that the "propriety of the dismissal of the complaint with respect to the city is, however, another matter. Decedent's status as a trespasser on the railroad property is irrelevant (see *Ehret v Village of Scarsdale*, 269 NY 198, 208). The city owes to those who use its parks a duty of ordinary care against foreseeable danger (see, e.g., *Caldwell v Village of Is. Park,* 304 NY 268, 274). What degree of care is 'reasonable' is ordinarily a jury question" *(Scurti v City of New York, supra,* p 445). The opinion went on to state that the city was aware or should have been aware, that children would come to its park through holes in its fence over a "well beaten" path and regularly go on to the immediately adjoining railroad property to play in the boxcar. In the instant case the defendants Saul were aware, or should have been aware, that the driveway was so narrow that for a person to get into his car with the door open it would be necessary to step on the wall

owned by the city, the condition of which, it is alleged, was known to them. It is, therefore, a jury question whether the defendants, in failing to warn the plaintiff or otherwise guard against the danger, used "reasonable care against a foreseeable danger". The complaint against the defendants Saul should be reinstated.