■ ROBERT FISHER, Respondent, v ABCON TRUST et al., Respondents, and LEEMILTS PETROLEUM, INC., Appellant. [646 NYS2d 887] —In an action to recover damages for personal injuries, the defendant Leemilts Petroleum, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 8, 1995, as (1) denied its motion for summary judgment dismissing the complaint insofar as asserted against it and (2) granted the plaintiff's cross motion to amend the complaint and his bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Leemilts Petroleum, Inc., for summary judgment is granted, the plaintiff's cross motion is denied as academic, and the complaint and all cross claims insofar as asserted against the defendant Leemilts Petroleum, Inc., are dismissed, and the action against the remaining defendant is severed.

On June 9, 1990, the plaintiff was working as a landscaper on property owned by the defendant Leemilts Petroleum, Inc. (hereinafter Leemilts). At one point, the plaintiff took several steps backwards and fell off a retaining wall into a driveway below. In support of its motion for summary judgment, Leemilts produced evidence establishing that the retaining wall in question was located on the property owned and occupied by the codefendants.

The codefendant Abcon Associates, Inc., separately moved for summary judgment in its favor on the theory that the retaining wall in question was an "open and obvious condition". This motion was supported by an affirmation of counsel,

who also requested that Leemilts' motion, insofar as it was based on its nonownership of the site of the accident, be denied.

The plaintiff cross-moved for leave to amend his complaint and bill of particulars. The plaintiff's counsel submitted an affidavit in support of this cross motion and opposing the defendants' motions, arguing, *inter alia,* that Leemilts had a duty to erect a barrier or fence to prevent persons on its property from being injured by a fall from the "unprotected 16 foot drop off" located on the adjoining property. The plaintiff's counsel also requested leave to amend the complaint so as to clarify that Leemilts' alleged negligence consisted of its failure to erect a fence *"at, in front of, adjacent to or on"* the retaining wall (emphasis in original). The original complaint alleged only that Leemilts was negligent in failing to erect a fence "on" the wall. The Supreme Court denied the defendants' motions for summary judgment, and granted the plaintiff's cross motion. This appeal followed.

We see no distinction sufficient to warrant a different outcome between the facts of the present case and those presented in *Zubas v Coffey* (7 AD2d 643, *affd* 6 NY2d 915) and *Metcalf v City of Cortland* (56 AD2d 959). Under the precise set of circumstances presented here, the appellant had no duty to prevent the plaintiff, an adult, from going up on the retaining wall not located on its property *(cf., Gayden v City of Rochester,* 148 AD2d 975; *Scurti v City of New York,* 40 NY2d 433). The appellant was therefore entitled to summary judgment. In light of this determination, the plaintiff's cross motion should have been denied as academic. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.