[869 NYS2d 572]

HARRY JANSSEN, Respondent, v INCORPORATED VILLAGE OF ROCK-VILLE CENTRE et al., Appellants.

Second Department, December 16, 2008

APPEARANCES OF COUNSEL

*Ruffo Tabora Mainello & McKay, P.C.*, Lake Success (*Damien M. Bielli* of counsel), for appellants.

*Stock & Carr*, Mineola (*Thomas J. Stock* and *Victor A. Carr* of counsel), for respondent.

**OPINION OF THE COURT**

RIVERA, J.P.

On the instant appeal, we consider, inter alia, the issue of whether a motion for leave to replead, pursuant to the current version of CPLR 3211 (e), is subject to any time limitation. In 2005, the Legislature amended CPLR 3211 (e). Although this amendment did not prescribe any time limitation within which a party may move for leave to replead, the defendants invite this Court to "fill the temporal gap" and impose a 30-day limitation, akin to a motion for leave to reargue pursuant to CPLR 2221 (d) (3). For the reasons that follow, we decline the defendants' invitation. We will not partake in judicial legislation by creating a time limitation where none is present in the statute.

## I. Factual and Procedural Background

### 1. The Complaint with the Division of Human Rights

On May 12, 2003, the plaintiff, a bisexual male, became employed by the Department of Public Works of the Incorporated Village of Rockville Centre. Following an alleged ongoing course of gender-based harassment and threats by his coworkers, namely, the individual defendants, Angelo Taylor, Peter Kunze, Kevin O'Rourke, and Timothy Seaman, the plaintiff filed a complaint, dated December 30, 2003, against the Village with the New York State Division of Human Rights (hereinafter

the Division of Human Rights). Therein, he charged the Village, inter alia, with unlawful discriminatory practices in violation of Executive Law (Human Rights Law) § 296.

Specifically, the plaintiff alleged that notwithstanding complaints to his supervisor, the harassment continued and, in fact, escalated into threats of violence. He further alleged that during his six months of employment, he was subjected to five "random" drug tests and that his "co-workers" who were "not gay were not treated in this manner."

On November 3, 2003, the plaintiff informed the Superintendent of Public Works of the harassment and subsequently filed a written form alleging discrimination and harassment. On November 14, 2003, he began treatment with a psychiatrist, who placed him on medical leave for depression.

In an answer dated March 19, 2004, the Village denied the substantive allegations asserted by the plaintiff, except that it admitted, inter alia, that, on November 3, 2003, the plaintiff met with the Superintendent of Public Works and that on November 4, 2003, the plaintiff filed a written form alleging discrimination and harassment. The Village claimed that the plaintiff had been subjected to only three drug tests, only one of which was random.

On February 27, 2006, the Division of Human Rights dismissed the complaint on the ground of "administrative convenience."

## 2. The Instant Action

### A. The Verified Complaint

On March 14, 2006, the plaintiff commenced the instant action in the Supreme Court, Nassau County, against the Village, Taylor, Kunze, O'Rourke, and Seaman. In the verified complaint, the plaintiff asserted four causes of action: (1) sexual harassment, (2) "prima facie retaliation," (3) intentional infliction of emotional distress, and (4) prima facie tort.

### i. The First Cause of Action

In the first cause of action to recover damages for sexual harassment, the plaintiff alleged, inter alia, that during the course of his employment, the Village violated civil rights afforded to him under federal, state, and common law. Specifically, the plaintiff alleged violations of the "New York Human Rights Law and 42 U.S.C. 1983 and Title VII." He asserted that

the Village, inter alia, condoned and participated in gender-based sexual harassment.

The plaintiff claimed that beginning on or about May 23, 2003, and up to and including November 21, 2003, Taylor, whom he alleged was serving in a supervisory capacity, repeatedly engaged in verbal harassment by calling him various anti-homosexual names. He also alleged that from August through December 2003, Taylor made threatening and abusive telephone calls to him at his home and on his cell phone. The plaintiff charged that Taylor routinely made obscene gestures, threatened to tamper with his food and beverages, and threatened him with physical violence. The plaintiff alleged similar verbal harassment and threats by O'Rourke, Kunze, and Seaman, including an alleged statement by Kunze that the plaintiff would be fired for being gay.

The plaintiff alleged that in July 2003, September 2003, and October 2003, he placed the Village on notice of the harassment and hostile work environment by reporting the incidents to his supervisor. He further alleged that in October 2003, he was required to submit to a third drug test in a period of less than five months.

According to the plaintiff, by November 2003, he was frustrated with the ongoing harassment and the lack of a resolution and complained to the Superintendent of Public Works. On November 4, 2003, he presented his supervisor with a written complaint. On November 14, 2003, the plaintiff left his place of employment.

## ii. The Second Cause of Action

In the second cause of action, the plaintiff sought to recover damages for "prima facie retaliation." Therein, the plaintiff repeated the previous allegations and alleged that from July 2003 through November 14, 2003, he reported incidents of physical threats, sexual harassment, and an abusive work environment as described in title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.* [hereinafter title VII]) and the New York Human Rights Law. According to the plaintiff, the Village violated the aforementioned statutes by failing to take "any affirmative or effective measures" to prevent Taylor from retaliating against him based upon his complaints to his supervisor and by directing the plaintiff to undergo drug testing at the request of Taylor, Kunze, O'Rourke, and Seaman. The plaintiff further alleged that the Village had ongoing knowledge of the harass-

ment and facilitated it "based upon encouragement" from Taylor, Kunze, O'Rourke, and Seaman, that the drug tests never revealed any illegal or intoxicating substances, and that Taylor, in concert with the Village, committed such acts of retaliation with malice.

### iii. The Third and Fourth Causes of Action

In the third cause of action to recover compensatory and punitive damages for intentional infliction of emotional distress, the plaintiff repeated the previous allegations and further alleged that the acts of Taylor, O'Rourke, Kunze, and Seaman constituted "intentional" and "malicious" infliction of mental anguish and distress upon the plaintiff. He accused the Village of failing to remedy the "illegal activity."

Finally, in the fourth cause of action, the plaintiff reiterated the prior allegations and further alleged that the acts of Taylor, Kunze, O'Rourke, and Seaman constituted a prima facie tort and were committed with malice.

The plaintiff alleged that as a direct result of the unlawful, intentional, and malicious acts of Taylor, Kunze, O'Rourke, and Seaman, individually and in their capacities as village employees, and the failure of the Village to remedy the acts, he suffered "injury including loss of his job, loss of present and future income, and destruction of professional and personal relationships; and injury to his person including severe mental distress and anguish."

### B. The Defendants' Answer

In an answer dated March 2006 the defendants entered general denials to the substantive claims asserted in the complaint. The defendants also alleged 32 affirmative defenses.

### C. The Defendants' Motion to Dismiss

By notice of motion dated June 22, 2006, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. In support of their motion, the defendants proffered, inter alia, the affirmation of their counsel dated June 22, 2006, and the affidavit of Harry Weed, the Superintendent of Public Works, dated June 20, 2006.

As relevant to the instant appeal, the defendants argued that the first cause of action should be dismissed against the individually named defendants, because they were mere employees and did not act under color of state law. The defendants

asserted that only an employer or an employee with supervision and control over employees and employment conditions could be sued under Human Rights Law § 296. The defendants contended that the plaintiff's assertion that Taylor was a supervisor was merely conclusory with no basis in fact. In this regard, Weed's affidavit stated that the plaintiff and Kunze were laborers for the Department of Public Works; that Taylor was a motor equipment operator in training; and that O'Rourke and Seaman were motor equipment operators. According to Weed, the individual defendants did not have any supervisory role and did not have any power to hire or fire a village employee.

The defendants further argued that in order for an employer to be held liable for its employee's alleged discrimination under both title VII and Human Rights Law § 296, it must be shown that the employer knew or reasonably should have known of the acts but failed to take remedial action. According to the defendants, nowhere in the first cause of action did the plaintiff allege that the Village failed to take remedial action. Therefore, according to the defendants, the plaintiff failed to allege an essential element of sexual harassment.

Regarding the plaintiff's claim under 42 USC § 1983, the defendants argued that in *Monell v New York City Dept. of Social Servs.* (436 US 658 [1978]), the United States Supreme Court ruled that a municipality may not be held liable for the alleged wrongful conduct of its employees under a respondeat superior theory unless the plaintiff's damages were the result of the execution of a municipal policy or custom. The defendants noted that in the plaintiff's complaint, there was no mention of any village policy which created, sanctioned, or permitted the alleged acts of the individual defendants.

With regard to the second cause of action to recover compensatory and punitive damages for retaliation under Human Rights Law § 296 and title VII, the defendants claimed that the individual defendants could not be held liable because they were not employers and did not act in supervisory capacities. Moreover, the defendants contended, even if they were found to be employers, the cause of action must still be dismissed because it failed to allege any retaliatory actions on their parts.

## D. The Plaintiff's Opposition

In opposition to the defendants' motion to dismiss, the plaintiff proffered the affirmation of his former counsel dated July 5, 2006. The plaintiff disputed the defendants' argument

that the individual defendants did not hold supervisory positions. He also disputed the defendants' contention that he did not allege that the Village failed to respond to his complaints.

### E. The Order Dated September 7, 2006

In an order dated September 7, 2006, the Supreme Court, Nassau County, inter alia, dismissed the first cause of action in its entirety and dismissed so much of the second cause of action as alleged a violation of 42 USC § 1983 and Civil Service Law § 75-b (2) (a).

Regarding the first cause of action, the Supreme Court stated that the elements of such a cause of action under Executive Law § 296 (1) are: (1) that the plaintiff belongs to a protected group, (2) that the plaintiff was the subject of unwelcome harassment, (3) that the harassment was based on gender or, in this case, sexual orientation, (4) that the harassment affected a term, condition, or privilege of employment, and (5) that the employer knew or should have known of the harassment and failed to take remedial action. The Supreme Court determined that the complaint did not allege that the Village failed to take remedial action. Thus, it concluded that no cause of action had been stated against the Village under Executive Law § 296 (1) (a). Furthermore, as against the Village, it found that the complaint failed to state a cause of action under Executive Law § 296 (1) (e), which prohibits an employer from taking action against an employee because the employee opposed any practices forbidden by this article or because the employee filed a complaint.

Similarly, as to the individual defendants, the Supreme Court found that the complaint failed to state a cause of action under Executive Law § 296 (6).

Regarding the title VII and 42 USC § 1983 claims contained in the first cause of action, the court determined with respect to title VII that no cause of action had been stated because title VII prohibits harassment based upon gender, not upon sexual orientation. As to the 42 USC § 1983 claim, the court noted that there were no allegations that the individuals defendants were acting under color of state law and that the mere allegation that they were village employees was insufficient for a section 1983 claim.

With regard to the 42 USC § 1983 claim contained in the second cause of action, the court determined that the plaintiff failed to state a cause of action because there was no constitu-

tional protection against being ordered to undergo drug testing by one's employer. Furthermore, he found that the plaintiff was not a member of a protected class.

### F. The Plaintiff's Motion for Leave to Amend the Complaint

By notice of motion dated March 1, 2007, the plaintiff moved for leave to amend the complaint, seeking to reinstate the previously-dismissed first cause of action alleging sexual harassment and to reinstate the previously-dismissed 42 USC § 1983 claim originally asserted in the second cause of action. In support thereof, he submitted the affirmation of his new counsel dated March 1, 2007.

The plaintiff argued that he should be granted leave to amend the complaint "so as to correct the technical deficiencies contained therein and to conform the complaint to the evidence." He also asserted that there would be no prejudice to the defendants. He cited to CPLR 3025 (c), which permits the court to amend pleadings before or after judgment to conform them to the evidence. He also stressed that a court is vested with discretion in determining whether or not to allow an amendment of pleadings and that leave to amend should be freely granted unless the proposed amendment was palpably improper or insufficient as a matter of law.

Regarding the proposed amendment to the first cause of action, the plaintiff asserted that the reason for the dismissal was that the complaint did not specifically allege that the Village failed to take remedial action. He emphasized, however, that the plaintiff had made complaints to his superiors and that there was a "lack of resolution." Thus, according to the plaintiff, the requested amendment was for the sole purpose of adding the failure to take "remedial action" language.

With respect to allegations of sexual harassment against the individual defendants, the plaintiff conceded that the complaint did not allege that the individual defendants "aid[ed], abet[ted], incite[d], compel[led] or coerce[d] anyone to harass plaintiff" in violation of Executive Law § 296 (6) and that the "color of state law" language sufficient to support a claim under 42 USC § 1983 was also missing. He argued, however, that "the omission of the language noted above was strictly a technical oversight that the Court should allow to be corrected" because such amendment did not alter or add any facts or make any new claims. He further stated that the defendants would not suffer any prejudice.

Regarding the second cause of action, the plaintiff conceded that "there can be no dispute that the complaint drafted by the

plaintiff's prior attorneys failed to adequately and properly set forth the plaintiff's constitutional claims based upon retaliation." However, the plaintiff contended that the failure to do so was a mere technicality and that an amendment to properly state those claims should be allowed. The plaintiff explained that regarding the plaintiff's 42 USC § 1983 retaliation claim, he was not alleging that being directed to undergo drug testing was a constitutional violation, but that his complaints of discrimination were a form of protected speech and that the defendants' retaliation, "in whatever form it manifested itself," was a violation of his constitutional right to free speech.

The plaintiff concluded that "the plaintiff should be allowed to amend his complaint to more succinctly state these constitutional violations."

## G. The Defendants' Opposition

In opposition to the plaintiff's motion for leave to amend the complaint, the defendants proffered the affirmation of their counsel dated March 13, 2007.

The defendants argued that the plaintiff's motion was a veiled and untimely attempt to reargue the earlier determination six months after it had been issued. They claimed that the earlier dismissal constituted law of the case. The defendants also contended that for the court to ignore its earlier dismissal by allowing the plaintiff to amend the dismissed causes of action "would render the procedural vehicle known as a 'Motion to Dismiss' pointless and moot." The defendants claimed that the plaintiff was unhappy with the court's dismissal of all but one claim in his complaint, but that he made no attempt to move for leave to reargue and/or renew and chose not to appeal. The defendants faulted the plaintiff for seeking to amend the complaint to cure the deficiencies which led to the dismissal.

The defendants proceeded to set forth the general rules governing motions for leave to amend pleadings, namely that while a determination is in the court's sound discretion, it must take into account the delay of the movant in seeking the relief and must determine whether or not the proposed amendment has merit. Regarding the first cause of action, the defendants argued that the plaintiff should not be allowed to amend his complaint to allege the Village's failure to take remedial action four years after the alleged incident. The defendants rejected the plaintiff's claim that the proposed amendment was for a minor technical omission. The defendants made virtually the

same argument in challenging the plaintiff's attempt to amend the complaint to allege a claim under 42 USC § 1983.

### H. The Order Appealed From

In an order entered May 2, 2007, the Supreme Court treated the plaintiff's motion for leave to amend as, in effect, one to replead under CPLR 3211 (e). It added, "[a]s [the] plaintiff has now supplied the allegations found missing in the dismissed causes of action, leave to replead is granted" (2007 NY Slip Op 34398[U], *1).

### II. Legal Analysis

On appeal, the defendants argue that a party's motion for leave to replead is "not without [any time] limitation." They assert that a litigant's remedy to replead defective causes of action must be limited to the time in which an appeal can be taken or to 30 days, akin to a motion for leave to reargue (see CPLR 2221).

Initially, we note that the plaintiff expressly moved for leave to amend the complaint pursuant to CPLR 3025, not for leave to replead under CPLR 3211 (e). The plaintiff, however, proceeded under subdivision (c) of CPLR 3025. This provision states, in relevant part, "[t]he court may permit pleadings to be amended before or after [the] judgment to conform them to the evidence, upon such terms as may be just." It is clear that the plaintiff's objective was not to conform the pleadings to the proof. At the time of the plaintiff's motion, limited discovery, if any, had taken place and no evidentiary hearing or trial had occurred. The plaintiff should have moved for leave to amend the complaint pursuant to CPLR 3025 (b), which provides that a party may amend his or her pleading "at any time by leave of court or by stipulation of all parties."

In addition, the Supreme Court treated the plaintiff's motion as one for leave to replead. Prior to the instant motion by the plaintiff, the Supreme Court had dismissed the first cause of action and portions of the second cause of action upon the defendants' motion pursuant to CPLR 3211 (a) (7). In deciding the plaintiff's motion, the Supreme Court seemingly proceeded under the incorrect premise that a motion for leave to amend a complaint was not permitted with regard to the previously dismissed causes of action (see Danise v Agway Energy Prods., 255 AD2d 731 [1998] [the Supreme Court properly granted the plaintiff's motion for leave to amend his complaint to reinstate a cause of action previously dismissed]).

Notwithstanding the foregoing, to the extent that the Supreme Court presented its analysis in a CPLR 3211 (e) context, and the defendants' claims on appeal address that statute, this opinion focuses thereon.

The *former* version of CPLR 3211 (e) provided, in relevant part, as follows:

> "Where a motion is made on the ground set forth in paragraph seven of subdivision (a), or on the ground that a defense is not stated, if the opposing party desires leave to plead again in the event the motion is granted, he shall so state in his opposing papers and may set forth evidence that could properly be considered on a motion for summary judgment in support of a new pleading; leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action or defense; the court may require the party seeking leave to plead again to submit evidence to justify the granting of such leave."

As may be gleaned from the above-quoted language, this version of the statute imposed three requirements. First, the party seeking leave to replead

> "was directed to state that request in the opposition papers to the motion to dismiss. Second, the court was not authorized to grant such leave unless it was satisfied that the party had good ground to support the cause of action or defense. Finally, the court was authorized to require an evidentiary showing before granting leave to replead" (Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.32 [2d ed]).

The foregoing version was in direct conflict with the holding of the Court of Appeals, enunciated more than 30 years earlier, in *Rovello v Orofino Realty Co.* (40 NY2d 633 [1976]). In *Rovello,* the Court of Appeals determined that a plaintiff, in response to a motion to dismiss pursuant to CPLR 3211 (a) (7), is not required to submit affidavits, as would be the case in response to a motion for summary judgment pursuant to CPLR 3212. The Court of Appeals stated that the plaintiff was at "liberty" to "stand on his pleading alone, confident that its allegations are sufficient to state all the necessary elements of a cognizable cause of action" (*id.* at 635).

In 2005, the Chief Administrative Judge, upon the recommendation of his Advisory Committee on Civil Practice, introduced

a bill to amend CPLR 3211 (e) with regard to motions for leave to replead to remedy the conflict between the statute and *Rovello*. As additional explanation, the drafters stated:

"Further, the requirement of [former] rule 3211 (e) that a pleader request leave to replead in the opposing papers, if enforced literally, creates a trap for the unwary. This requirement, which has no analogue in Federal practice and is buried deep in one of the longest paragraphs in the CPLR, has been overlooked in a substantial number of cases, and has recently caused courts to struggle to read into an apparent absolute provision an ability to relieve pleaders of their omission of the request for leave to replead. See, e.g. *Sanders v. Schiffer*, 39 N.Y.2d 727, 729, and compare *Bardere v. Zafir*, 63 N.Y.2d 850, 853.

"Our Advisory Committee believes that the present wording of [former] rule 3211 (e) causes unnecessary litigation expense and complexity without any countervailing benefit, and invites the inadvertent jeopardizing of a litigant's rights if counsel is unaware of the requirement to request leave to replead. In the case of a pro se pleader, he or she is almost certain to be unaware of this requirement. Thus, we urge that it be repealed. Moreover, we recommend that [former] rule 3211 (e) be conformed to the Rovello doctrine." (Mem of Off of Ct Admin in Support of L 2005, ch 616, 2005 NY Legis Ann, at 358.)

Consistent therewith, CPLR 3211 (e) was amended (*see* L 2005, ch 616). This amendment is applicable to actions, such as the instant matter, commenced on or after January 1, 2006. Simply stated, the amended version of CPLR 3211 (e) eliminated the three requirements previously noted.

The amended version was intended and served to remedy problems inherent in the prior version. However, as noted by several commentators, the amendment left "a number of questions unanswered" (Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.32 [2d ed]; *see* Aloe, 2004-2005 Survey of New York Law, *Civil Practice*, 56 Syracuse L Rev 527, 538).

Cracks in the Foundation of the CPLR 3211 (e) Amendment

Three unanswered questions, of particular relevance to this appeal, require further discussion.

First, did the Legislature, in amending the subject statute, in effect, eliminate a motion for leave to replead? A reading of the amended version of CPLR 3211 (e) reveals that the language pertaining to a motion for leave to replead was removed from the body of that statute. The only mention of a motion for leave to replead appears in the statutory heading or title which expressly references "motion[s] to plead over." Inasmuch as there is no indication in the legislative history to suggest that the Legislature intended to abrogate or do away altogether with a motion for leave to replead, this Court will not presume such an intent. Accordingly, for the present time, a motion for leave to replead remains a useful and necessary component of a practitioner's arsenal in the context of civil litigation.

Second, what standard should now be applied on a motion for leave to replead? With regard to this question, we hold that the standard to be applied on a motion for leave to replead pursuant to CPLR 3211 (e) is consistent with the standard governing motions for leave to amend pursuant to CPLR 3025. Namely, motions for leave to amend pleadings should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient (*see Smith-Hoy v AMC Prop. Evaluations, Inc.*, 52 AD3d 809 [2008]; *Bennett v Long Is. Jewish Med. Ctr.*, 51 AD3d 959 [2008]; *Shovak v Long Is. Commercial Bank*, 50 AD3d 1118, 1120 [2008]; *Thomsen v Suffolk County Police Dept.*, 50 AD3d 1015, 1017 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]; *RCLA, LLC v 50-09 Realty, LLC*, 48 AD3d 538 [2008]; *Pellegrini v Richmond County Ambulance Serv., Inc.*, 48 AD3d 436, 437 [2008]; *Trataros Constr., Inc. v New York City Hous. Auth.*, 34 AD3d 451, 452-453 [2006]; *Glaser v County of Orange*, 20 AD3d 506 [2005]).

Applying this standard to the facts of this case, the Supreme Court properly granted the plaintiff's motion. The plaintiff's proposed amendments simply sought to cure the deficiencies cited by the Supreme Court in its earlier order which resulted in the dismissal (*see Donovan v Rothman*, 253 AD2d 627, 630 [1998]). The defendants cannot legitimately claim surprise or prejudice, where the proposed amendments were premised upon the same facts, transactions or occurrences alleged in the original complaint (*see Whitehorn Assoc. v One Ten Brokerage*, 264 AD2d 516, 517 [1999]; *Llama v Mobil Serv. Sta.*, 262 AD2d 457 [1999]; *Barraza v Sambade*, 212 AD2d 655, 656 [1995]). On the facts presented, the proposed amendments cannot be character-

ized as palpably improper or insufficient as a matter of law (*see Bennett v Long Is. Jewish Med. Ctr.*, 51 AD3d 959 [2008]).

The third and perhaps most pressing question raised by the defendants herein is: Should any time limitation be required upon which to move for leave to replead? The defendants contend that the Legislature, in amending CPLR 3211 (e), inadvertently removed restrictions limiting the time in which a party could move for leave to replead. They urge this Court to impose a 30-day time restriction akin to that governing motions for leave to reargue (*see* CPLR 2221 [d] [3]).

The starting point of analysis must be the plain meaning of the statutory language, since it is the statutory text which is "the 'clearest indicator of legislative intent' " (*Ragucci v Professional Constr. Servs.*, 25 AD3d 43, 47 [2005], quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Bluebird Partners v First Fid. Bank*, 97 NY2d 456, 460-461 [2002]). The clear language of the amended version of CPLR 3211 (e) *does not* prescribe *any* time limitation within which a party may move for leave to replead.

" '[A] court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363, at 525). It is a basic rule in the construction and interpretation of statutes that the courts should avoid judicial legislation (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 73, at 145). "[T]he judicial function is to interpret, declare, and enforce the law, not to make it, and it is not for the courts to correct supposed errors, omissions or defects in legislation" (*id.* at 147-148). The foregoing principles of statutory construction exist for a reason. They constitute beacons of guidance which this Court will follow and not ignore. Our function is not to violate canons of statutory construction. Accordingly, we will not insert into the amended version of CPLR 3211 (e) any time restriction. To do so would result in a judicially "crafted" statute.

As evinced by this case, the Legislature's omission of a time limitation upon which a party may move for leave to replead pursuant to the amended version of CPLR 3211 (e) has resulted in an unsettled realm, plagued with uncertainty and confusion. We note that the Bill Jacket relating to the amendment of CPLR 3211 (e) is silent regarding time limitations. Arguably, it is

inherently inconsistent for a party against whom a determination is rendered to be constrained by a time limitation upon which to appeal (*see* CPLR 5513) and to move for leave to reargue (*see* CPLR 2221 [d] [3]), but that same party is not constrained by any time limitation if he or she chooses to move for leave to replead pursuant to CPLR 3211 (e). There are important commonsense considerations for requiring parties to comply with time limitations, including matters of diligence, case management, finality of adjudication, order, and continuity in the litigation process.

The issues and corollaries raised by this appeal call for remedial action. CPLR 3211 (e), as amended, has brought about at least one possible unintended consequence. A motion for leave to replead has been refashioned into little more than a poor substitute for or an arcane alternative to a motion for leave to amend under CPLR 3025 (b). Ultimately, the statute may be deemed obsolete in light of CPLR 3025 (b).

However, whether or not to impose a time limitation and to address the concerns raised herein regarding the amended version of CPLR 3211 (e) is a determination within the functional parameters of the Legislature, not of the Judiciary. We urge the Legislature to act without delay in addressing the matters and concerns raised herein.

The defendants' remaining contentions are without merit.

Accordingly, for the foregoing reasons, the order is affirmed.

SANTUCCI, DICKERSON and BELEN, JJ., concur.

Ordered that the order is affirmed, with costs.