■ FELISE GARAGE LLC et al., Appellants, v LEONARD LITWIN et al., Respondents. [874 NYS2d 89]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 27, 2008, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

In a 2006 action, Felise Garage LLC (Felise), of which entity Jacob I. Sopher is the sole member, sued Quik Park (Leaseco II) LLC (Leaseco), of which entity Rafael Llopiz and Marathon/Quick Park NYC LLC are sole members. The action related to Felise's right of first refusal (ROFR) in connection with certain real property, alleged that the full terms of a proposed transaction involving the transfer of the property were being withheld, and sought injunctive relief and damages. There, the court found that Felise's contractual ROFR was never triggered. Nonetheless, Leaseco offered Felise a ROFR, which Felise accepted but then allowed to lapse by failing to pay the requisite $20 million deposit by December 18, 2006.

On or about December 21, 2006, after Felise allowed the

ROFR to lapse, the parties and related entities entered into the release wherein plaintiffs "unconditionally" and "irrevocably" released all claims arising out of the property, including the ROFR, and covenanted not to sue in connection therewith. Plaintiffs now seek to, inter alia, rescind the release on the ground that a material misrepresentation was made concerning the nature of benefits which would flow to Llopiz in connection with the transfer of the property.

Plaintiffs' claims for fraud, fraudulent inducement, breach of fiduciary duty, breach of contract, breach of covenant of good faith and fair dealing, and aiding and abetting those claims, are premised upon the assumption that plaintiffs had an exercisable ROFR which they were defrauded into giving up. In the absence of a contractual ROFR and given the lapse of the ROFR which was extended to them, plaintiffs cannot sustain any claims arising from its loss (*see Weinstock v Cleary, Gottlieb, Steen & Hamilton*, 255 AD2d 508, 509 [1998]).

Moreover, the release cannot be rescinded based on fraudulent inducement as plaintiffs' unconditional and irrevocable relinquishment is inconsistent with their present claim to have relied on an oral representation concerning the terms of the transfer (*see Citibank v Plapinger*, 66 NY2d 90, 92 [1985]). Even if the release were subject to rescission, no claim for fraudulent inducement would lie as plaintiffs' reliance upon the very issue on which the prior action was based was not reasonable (*see Eastbrook Caribe, A.V.V. v Fresh Del Monte Produce, Inc.*, 11 AD3d 296, 297 [2004], *lv denied* 4 NY3d 844 [2005]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.