Chaikin v Karipas (2018 NY Slip Op 04525)





Chaikin v Karipas


2018 NY Slip Op 04525


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-07872
2016-01701
2016-05252
 (Index No. 70628/14)

[*1]Cesar Chaikin, et al., appellants, 
v
Philipos Karipas, et al., respondents.


Paris & Chaikin, PLLC (Nicole R. Kilburg, New York, NY, of counsel), for appellants.
Frank N. Napoli, Commack, NY, for respondents.



DECISION & ORDER
In an action to recover damages for private nuisance, trespass, and negligence, and for injunctive relief, the plaintiffs appeal from three orders of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 17, 2015, January 19, 2016, and May 9, 2016, respectively. The order dated August 17, 2015, insofar as appealed from, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The order dated January 19, 2016, denied the plaintiffs' motion, in effect, for leave to replead, and granted the defendants' cross motion to impose sanctions pursuant to 22 NYCRR 130-1.1. The order dated May 9, 2016, awarded the defendants costs and an attorney's fee pursuant to 22 NYCRR 130-1.1 in the sum of $2,025.
ORDERED that the order dated August 17, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated January 19, 2016, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the plaintiffs' motion, in effect, for leave to replead is granted, the defendants' cross motion to impose sanctions pursuant to 22 NYCRR 130-1.1, is denied, and the order dated May 9, 2016, is vacated; and it is further,
ORDERED that the appeal from the order dated May 9, 2016, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated January 19, 2016.
The plaintiffs and the defendants are owners, respectively, of adjacent parcels of real property, which are separated by a retaining wall located on the plaintiffs' property. The plaintiffs commenced this action against the defendants for injunctive relief and to recover damages for private nuisance, trespass, and negligence. The gravamen of the complaint was that the retaining wall was in danger of collapsing due to the "load, pressure, weight and force" of the defendants' property, which was higher in elevation than the plaintiffs' property. The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated August 17, 2015, the [*2]Supreme Court, in effect, granted that branch of the motion.
The plaintiffs subsequently moved, in effect, for leave to replead, to include allegations of specific conduct allegedly committed by the defendants that they claimed constituted a private nuisance and trespass, and was negligent. The defendants cross-moved to impose sanctions pursuant to 22 NYCRR 130-1.1. In an order dated January 19, 2016, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross motion. In an order dated May 9, 2016, the Supreme Court awarded the defendants costs and an attorney's fee pursuant to 22 NYCRR 130-1.1 in the sum of $2,025. The plaintiffs appeal from all three orders.
We agree with the Supreme Court that the allegations in the complaint were insufficient to set forth causes of action sounding in a private nuisance, negligence, and trespass. "A defendant is subject to liability for a private nuisance if the defendant's conduct is a legal cause of the invasion of an interest in the private use and enjoyment of land, and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities" (Trulio v Village of Ossining, 153 AD3d 577, 579; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569). Here, the complaint did not allege any conduct on the part of the defendants which interfered with the use and enjoyment of the plaintiffs' land (see Wheeler v Del Duca, 151 AD3d 1005, 1006; Ward v City of New York, 15 AD3d 392, 393). Similarly, the complaint did not allege facts which, if proven, would establish that the defendants breached a duty of care to maintain their property, so as to set forth a cognizable cause of action alleging negligence (see generally Leon v Martinez, 84 NY2d 83, 87-88).
We also agree with the Supreme Court that the allegations in the complaint were insufficient to state a cause of action for trespass. "The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission" (Reyes v Carroll, 137 AD3d 886, 888; see Boring v Town of Babylon, 147 AD3d 892, 893). "The invasion of, or intrusion upon, the property interest must at least be the immediate or inevitable consequence of what [the defendant] willfully does, or which he does so negligently'" (Behar v Quaker Ridge Golf Club, Inc., 118 AD3d 833, 835, quoting Phillips v Sun Oil Co., 307 NY 328, 331). Here, the plaintiffs failed to allege an intentional entry onto the plaintiffs' property, as the complaint merely claimed that the defendants' property was causing the plaintiffs' wall to lean.
Accordingly, we agree with the Supreme Court's determination that the complaint failed to state a cause of action.
However, the court improvidently exercised its discretion in denying the plaintiffs' motion, in effect, for leave to replead (see generally Clark v Pfizer, Inc., 64 AD3d 536; Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27). The standard to be applied on such a motion "is consistent with the standard governing motions for leave to amend pursuant to CPLR 3025" (Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d at 27). In particular, such motions "should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient" (id.; see Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 853).
The proposed amended complaint alleged that the defendants had (1) engaged in "digging, excavating, grading and altering the soil, past the property line with [the] plaintiffs' property and abutting [the plaintiffs'] property and wall," (2) planted bushes, shrubs, and trees, and added significant amounts of mulch on the plaintiffs' property, near the property line, and along the plaintiffs' wall, and (3) excessively watered the location where the work was performed. The amended complaint further alleged that the "lateral load and pressure has been increased as a result of the planting of trees, bushes, shrubs and plants and the lack of drainage" so as to damage the plaintiffs' retaining wall. The complaint alleges that this conduct was negligent, and that it constituted a private nuisance and trespass. Contrary to the defendants' contention, these amended causes of action were neither palpably insufficient nor patently devoid of merit (see generally Behar v Quaker Ridge Golf Club, Inc., 118 AD3d at 835; Broxmeyer v United Capital Corp., 79 AD3d 780), and no unfair prejudice or surprise to the defendants would arise from permitting the amendment. Accordingly, the plaintiffs' motion, in effect, for leave to replead should have been [*3]granted.
Since the plaintiffs' motion, in effect, for leave to replead had merit, the plaintiffs' conduct in filing that motion was not frivolous under 22 NYCRR 130-1.1(a). Accordingly, the Supreme Court should have denied the defendants' cross motion to impose sanctions pursuant to 22 NYCRR 130-1.1, and the order awarding costs and an attorney's fee in the sum of $2,025, must be vacated.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.

2015-07872 DECISION & ORDER ON MOTION
2016-01701
2016-05252
Cesar Chaikin, et al., appellants, v Philipos Karipas,
et al., respondents.
(Index No. 70628/14)

Motion by the respondents to strike stated portions of the record on appeals from three orders of the Supreme Court, Suffolk County, dated August 17, 2015, January 19, 2016, and May 9, 2016, respectively, on the ground that it contains matter dehors the record. By decision and order on motion of this Court dated August 26, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion is granted to the extent that pages 161 through 169 and 182 through 183 of the record are stricken and have not been considered on the appeals; and it is further,
ORDERED that the motion is otherwise denied.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court