Guzman v Kordonsky (2019 NY Slip Op 08176)





Guzman v Kordonsky


2019 NY Slip Op 08176


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-12725
2017-02318
 (Index No. 512059/15)

[*1]Yakov Guzman, etc., et al., respondents, 
v
Michael Kordonsky, etc., et al., appellants, et al., defendant.


Carlton Fields Jorden Burt, P.A., New York, NY (J. Robert MacAneney of counsel), for appellants.
Leader Berkon Colao & Silverstein LLP, New York, NY (Joshua K. Leader, Glen Silverstein, and Thomas R. Richards of counsel), for respondents.



DECISION & ORDER
In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, the defendants Michael Kordonsky, individually and as President and Chairman of the Board of Directors of Dial Car, Inc., Jeffrey Goldberg, individually and as Vice President and a Member of the Board of Directors of Dial Car, Inc., Alex Sulava, individually and as Treasurer and a Member of the Board of Directors of Dial Car, Inc., Michael Levin, individually and as Secretary and a Member of the Board of Directors of Dial Car, Inc., David Goldstein, individually and as Grievance Chairman and a Member of the Board of Directors of Dial Car, Inc., Serge Kvyat, individually and as a Board Member At Large of Dial Car, Inc., Tomar Haim, individually and as a Board Member At Large of Dial Car, Inc., and Alex Reyf, individually and as Ombudsman of Dial Car, Inc., appeal from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 7, 2016, and (2) an order of the same court dated January 11, 2017. The order dated November 7, 2016, insofar as appealed from, granted that branch of the plaintiffs' motion which was for leave to replead. The order dated January 11, 2017, insofar as appealed from, denied the motion of those defendants pursuant to CPLR 3211(a) and Business Corporation Law § 626(c) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiffs, shareholders of the nominal defendant Dial Car, Inc. (hereinafter Dial), commenced this shareholders' derivative action against, among others, individual officers and directors of Dial's Board of Directors (hereinafter the Board). The plaintiffs alleged that the Board members breached their fiduciary duty to Dial by, among other things, wasting Dial's assets by paying for unnecessary personal expenses and distributing Dial's profits to themselves rather than to the shareholders. In an order dated June 20, 2016, the Supreme Court granted the separate motions of Dial and the Board members to dismiss the complaint on the ground that the plaintiffs failed to plead with particularity why it would have been futile to secure the initiation of the action through the Board pursuant to Business Corporation Law § 626(c).
Thereafter, the plaintiffs moved, inter alia, for leave to replead, seeking to cure the deficiencies which resulted in the dismissal of the complaint. In an order dated November 7, 2016, the Supreme Court, inter alia, granted the aforementioned branch of the plaintiffs' motion and an amended complaint was interposed. The Board members then moved pursuant to CPLR 3211(a) and Business Corporation Law § 626(c) to dismiss the amended complaint insofar as asserted against them, inter alia, on the ground that the plaintiffs again failed to properly plead "demand futility." In an order dated January 11, 2017, the court denied the Board members' motion. The Board members appeal from both orders.
Contrary to the Board members' contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to replead. "[T]he standard to be applied on a motion for leave to replead pursuant to CPLR 3211(e) is consistent with the standard governing motions for leave to amend pursuant to CPLR 3025" (Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27). "In particular, such motions should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient'" (Chaikin v Karipas, 162 AD3d 842, 844, quoting Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d at 27). Here, the proposed amendment was neither palpably insufficient nor patently devoid of merit. Moreover, no unfair prejudice or surprise to the Board members would arise from permitting the amendment, which was premised upon the same facts, transactions, or occurrences as alleged in the original complaint (see MBIA Ins. Corp. v J.P. Morgan Sec., LLC, 144 AD3d 635, 639; Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d at 27).
Furthermore, we agree with the Supreme Court's denial of the Board members' motion pursuant to CPLR 3211(a) and Business Corporation Law § 626(c) to dismiss the amended complaint insofar as asserted against them. "In a shareholders' derivative action a complaint must set forth with particularity the plaintiff's efforts to secure the initiation of such action by the board of directors or the reasons for not making such effort" (Malkinzon v Kordonsky, 56 AD3d 734, 735; see Business Corporation Law § 626[c]). "Demand is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit" (Bansbach v Zinn, 1 NY3d 1, 9; see Malkinzon v Kordonsky, 56 AD3d at 735). Here, the amended complaint alleged with sufficient particularity that each Board member either had an interest in the challenged transactions or was controlled by a self-interested director (see Marx v Akers, 88 NY2d 189, 200-201; Malkinzon v Kordonsky, 56 AD3d at 735).
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court