People v Watson (2022 NY Slip Op 00981)





People v Watson


2022 NY Slip Op 00981


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Gesmer, Scarpulla, Shulman, JJ. 


Ind. No. 3646/09 Appeal No. 15288-15288A Case No. 2016-342, 2019-3561 

[*1]The People of the State of New York, Respondent,
v
Shalik Watson, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Sean Nuttall of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert E. Torres, J. at suppression motion; Troy K. Webber, J. at suppression hearing, jury trial and sentencing), rendered December 1, 2014, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, and order, same court (Judith Lieb, J.), entered on or about July 25, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court properly denied defendant's request for a Dunaway hearing as untimely. Defendant's prior counsel's affirmation in support of his omnibus motion contained conclusory assertions about the lack of probable cause, in the context of a request for a Huntley hearing on defendant's motion to suppress his statements to the police. The omnibus motion made no clear request for a Dunaway hearing, and the order granting defendant's motion for a suppression hearing did not address any Dunaway issue. Successor counsel first requested such a hearing years after the statutory period for pretrial motions had expired (see CPL 255.20[1]). In any event, defendant was not entitled to a Dunaway hearing based on the sparse allegations in support of the omnibus motion, as viewed in light of the specific information provided in the People's voluntary disclosure form (see People v Jones, 95 NY2d 721, 726-729 [2001]; People v Burch, 59 AD3d 26, [1st Dept 2009], lv denied 12 NY3d 913 [2009]).
At trial, defense counsel's cross-examination of a detective, which emphasized the failure to obtain any recording of defendant's statements to the police and defendant's refusal to sign any written statement, opened the door to receipt of a limited portion of a videotaped statement that was otherwise inadmissible for lack of CPL 710.30 notice. Defense counsel had attacked the accuracy or credibility of the detective's testimony that defendant gave three contradictory statements, the last of which was a confession. Accordingly, the court providently exercised its discretion in admitting only defendant's brief, general statement to a prosecutor to the effect that he had made "various statements" to the police after waiving his Miranda rights (see generally People v Massie, 2 NY3d 179, 184 [2004]).
The CPL 440.10 motion court properly rejected defendant's ineffective assistance of counsel claims. (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of trial counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Defendant did not meet his "burden to demonstrate the absence of strategic or other legitimate explanations for alleged shortcomings" (People v Mendoza, 33 NY3d 414, 418 [2019] [internal quotation marks omitted]). Defendant faults his counsel for failing to discover logs of a residential substance abuse [*2]program in which defendant was enrolled; however, as the court found, the logs contained vague and conflicting information which hardly supported an alibi defense. Defendant further argues that his counsel should have requested an alibi charge, but counsel reasonably chose not to focus on a weak defense supported only by defendant's initial statement to the police, which was contradicted by his subsequent statements including his confession to the shooting. Instead, counsel raised other arguments, such as that the People's evidence was weak and that a third party committed the shooting (see People v Coleman, 283 AD2d 321 [1st Dept 2001], lv denied 96 NY2d 917 [2001]).
The court properly rejected the Brady claim raised in defendant's CPL 440.10 motion, which was based on the nondisclosure of evidence that the pistol used to shoot the victim in this case was used years later in an unrelated homicide committed by a person other than defendant. This evidence was not material, because there is no reasonable probability that it would have affected the verdict had it been disclosed (see People v Garrett, 23 NY3d 878, 891 [2014]). Defendant's argument that the undisclosed evidence suggested that an alternative suspect may have committed the instant homicide is without merit. There was no connection between the two crimes, the person charged with the later crime did not match the description of the assailant in the instant
crime, and defendant had ample time to transfer a weapon during the time between the homicide and his arrest.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022