Olden Group, LLC v 2890 Review Equity, LLC (2022 NY Slip Op 05698)

Olden Group, LLC v 2890 Review Equity, LLC

2022 NY Slip Op 05698

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2020-04292
 (Index No. 705889/18)

[*1]Olden Group, LLC, appellant, 
v
2890 Review Equity, LLC, et al., respondents.

Seddio and Associates, P.C., Brooklyn, NY (Frank R. Seddio and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Peter S. Dawson of counsel), respondent pro se and for respondents 2890 Review Equity, LLC, and 2890 Review TIC Owner, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated June 1, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(e) for leave to replead or, in the alternative, pursuant to CPLR 3025 for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The background facts and procedural history are more fully set forth in our decision and order on related appeals (see Olden Group, LLC v 2890 Review Equity, LLC, _____ AD3d _____ [Appellate Division Docket No. 2019-03645; decided herewith]). The plaintiff commenced the instant action against, among others, the defendants 2890 Review Equity, LLC, and 2890 Review TIC Owner, LLC (hereinafter together the 2890 Review defendants), which owned certain real property in Long Island City (hereinafter the property), alleging, among other things, that the 2890 Review defendants breached an alleged option agreement by failing to convey the property to the plaintiff.
Following the granting of the defendants' motion pursuant to CPLR 3211(a) to dismiss the original complaint, the plaintiff moved, inter alia, pursuant to CPLR 3211(e) for leave to replead or, in the alternative, pursuant to CPLR 3025 for leave to amend the complaint. The proposed amended complaint alleged causes of action for, inter alia, constructive trust, promissory estoppel, specific performance, and rescission of a stipulation of settlement entered into between, among others, the Beased Group, LLC, which was the plaintiff's alleged assignor, and the 2890 Review defendants in an action concerning the property (hereinafter the stipulation of settlement).
The defendants opposed the motion, contending that the proposed amended complaint was palpably insufficient and patently devoid of merit. Among other arguments, the defendants contended for the first time that the unambiguous terms of the stipulation of settlement were a complete bar to this action. By order dated June 1, 2020, the Supreme Court denied the plaintiff's [*2]motion. The plaintiff appeals.
"'[T]he standard to be applied on a motion for leave to replead pursuant to CPLR 3211(e) is consistent with the standard governing motions for leave to amend pursuant to CPLR 3025'" (Guzman v Kordonsky, 177 AD3d 708, 710, quoting Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27; see Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 853). "In particular, such motions 'should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient'" (Chaikin v Karipas, 162 AD3d 842, 844, quoting Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d at 27; see Abakporo v Daily News, 102 AD3d 815, 817). Here, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were pursuant to CPLR 3211(e) for leave to replead its complaint or, in the alternative, pursuant to CPLR 3025 for leave to amend the complaint. The proposed cause of action for rescission of the stipulation of settlement was devoid of merit and palpably insufficient (see Derago v Ko, 153 AD3d 663, 665; Engel v Deutsche Bank Natl. Trust Co., 116 AD3d 915, 917; Southwell v Middleton, 67 AD3d 666, 669; Felise Garage LLC v Litwin, 60 AD3d 416, 417; Plotnicki v Goldstein, 301 AD2d 484; see also Vista Eng'g Corp. v Everest Indem. Ins. Co., 190 AD3d 508, 510; IKB Deutsche Industriebank AG v Credit Suisse Sec. [USA] LLC, 188 AD3d 489). The general release in the stipulation of settlement effectively barred the plaintiff from bringing this action (see Kulkarni v Arredondo & Co., LLC, 151 AD3d 705, 706; Liotti v Galasso, Langione & Botter, 128 AD3d 912).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court