■ DAN GAYDEN, Individually and as Administrator of the Estate of TARRICK GAYDEN, Deceased, Respondent, v CITY OF ROCHESTER et al., Appellants, et al., Defendants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: This action seeks damages for the wrongful death and conscious pain suffered by plaintiff's decedent, a seven-year-old boy who fell into Brown's Race and drowned. Brown's Race is a concrete waterway situated in the City of Rochester that carries water from the Genesee River to a hydroelectric power plant operated by defendant Rochester Gas & Electric Corporation (RGE). The record indicates that the decedent and two young companions gained access to the wall along Brown's Race by walking through a hole in a wrought-iron fence situated on property owned by defendant Consolidated Rail Corporation (Conrail).

RGE, Conrail and the City of Rochester separately moved for summary judgment dismissing the complaint, each claiming that it owed no duty to the decedent. Special Term denied all three applications. We affirm the court's decision as to Conrail and RGE. As owner of adjacent land, Conrail owed a duty to exercise reasonable care in the maintenance of its property to prevent foreseeable injury that might occur on the adjoining property *(Scurti v City of New York,* 40 NY2d 433; *Leone v City of Utica,* 66 AD2d 463, *affd* 49 NY2d 811). RGE operated and maintained Brown's Race as part of its hydroelectric project under a license from the Federal Power Com-

mission and exercised control over the Race. As the party in control of use and maintenance of Brown's Race, RGE had a similar duty to exercise reasonable care to those persons who ventured onto its project area (see, Govel v Lio, 120 AD2d 840, 841; Oquendo v Mid Mem Corp., 103 AD2d 705). Whether either defendant exercised reasonable care presented an issue for the trier of fact.

Plaintiff failed, however, to raise a triable issue of fact regarding any duty owed by the City of Rochester. The city could not be held liable upon the theory that it failed to enforce its ordinances regarding the dilapidated condition of Conrail's fence (see, O'Connor v City of New York, 58 NY2d 184), and even if we assume that a factual issue was presented regarding the city's ownership of the bed underlying Brown's Race, plaintiff failed to controvert persuasive evidence that RGE had exclusive control over the operation, use and mainte-nance of Brown's Race. Under these circumstances, the city was entitled to summary judgment (see, Cassar v Central Hudson Gas & Elec. Corp., 134 AD2d 672, 673-674). (Appeal from order of Supreme Court, Monroe County, Provenzano, J. —summary judgment.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.