■ ERNEST L. WEINBERG et al., Respondents, v GARY LOMBARDI, Appellant, et al., Defendant. [629 NYS2d 280] —In an action, *inter alia,* for injunctive relief and to recover damages for trespass, the defendant, Gary Lombardi, appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated April 25, 1994, as, upon partially granting the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against him directing him to "fully roll up the shades on the balcony of his apartment except when actually using, and physically present upon, the said balcony".

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion is denied.

No basis existed for the Supreme Court to grant the plaintiffs' motion for summary judgment with regard to either their cause of action to recover damages for trespass or their cause of action sounding in private nuisance. With regard to the former, it is clear that the facts pleaded by the plaintiffs did not establish that by erecting a shade on his balcony, the defendant Gary Lombardi invaded the plaintiffs' interest in the exclusive possession of their premises *(see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 570).

The elements of the tort of private nuisance are: (1) an interference, substantial in nature; (2) intentional in origin; (3) unreasonable in character; (4) with plaintiff's right to use and enjoy land; (5) caused by the defendant's conduct *(Copart Indus. v Consolidated Edison Co., supra).* However, except for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed (PJI 3:16). Since in this case, Mr. Lombardi disputed the evidence relating to the other elements, no basis existed for the Supreme Court to grant the plaintiffs summary judgment on their cause of action to recover damages for private nuisance.

Lastly, we conclude that there exists a triable issue of fact as to whether Mr. Lombardi obtained the permission of the Board of Directors of The Cryder House, Inc., to erect the shade, as required by its rules. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.