■ Alexander Izzo et al., Respondents, v Town of Smithtown, Appellant. [740 NYS2d 447] —In an action to recover damages for trespass, the defendant appeals from an interlocutory judgment of the Supreme Court, Suffolk County (Emerson, J.), dated February 21, 2001, which, upon a jury verdict, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

The plaintiffs, Alexander Izzo and Anthony Izzo, own a parcel of property in the Town of Smithtown (hereinafter the Town). The plaintiffs' property is adjacent to a parcel owned by the Town, which was previously used as a landfill for the disposal of yard waste. In 1992, after the plaintiffs commenced sand mining operations on their property, they began to uncover plastic bags filled with leaves which had been buried on a portion of the premises, near the former landfill. The plaintiffs estimate that they excavated approximately 50,000 cubic yards of bagged leaves, which covered about two acres of their property. The plaintiffs served a notice of claim on the Town in June 1992, and commenced this action one year later, on June 29, 1993, seeking damages for trespass.

Contrary to the Town's contention, the plaintiffs presented legally sufficient evidence at trial to establish that the placement of the leaves on the property constituted the tort of trespass because it was done with such negligence as to amount to wilfulness (*see Phillips v Sun Oil Co.,* 307 NY 328, 331; *Buckeye Pipeline Co. v Congel-Hazard, Inc.,* 41 AD2d 590). Furthermore, the liability verdict in favor of the plaintiffs is supported by a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129).

The Town's remaining contentions are either not properly before this Court on an appeal from a interlocutory judgment or without merit. Feuerstein, J.P., Smith, Krausman and Cozier, JJ., concur.