■ MELVIN GELLMAN et al., Respondents-Appellants, v SEAWANE GOLF & COUNTRY CLUB, INC., Appellant-Respondent. [805 NYS2d 411]—

In an action for an injunction and to recover damages for injury to property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated June 30, 2004, as denied its cross motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their motion for a permanent injunction and for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the plaintiffs' motion which were to permanently enjoin the defendant from operating its driving range in a manner which constitutes a private nuisance and causes a trespass upon the plaintiffs' prop-

erty, and for summary judgment on the issue of liability on the first, third, and fourth causes of action in the complaint, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought punitive damages, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff, the defendant is permanently enjoined from operating its driving range in a manner which constitutes a private nuisance and causes a trespass upon the plaintiff's property, and so much of the complaint as sought punitive damages is dismissed.

The plaintiffs have lived across the street from the defendant's golf course and driving range since they purchased their home in 1982. The defendant has operated its golf course and driving range continuously since 1927. There is no barrier except a five foot high wire mesh fence and scattered trees separating the driving range from the road and the plaintiffs' property across the road. The tee area of the driving range is approximately 130 to 150 yards from the road opposite the plaintiffs' house. Golf balls from the driving range have landed with great frequency and force on the plaintiffs' property, causing several incidents of property damage and presenting a continuing threat of property damage and personal injury. The plaintiffs and others have reported the condition to the defendant numerous times over the past 21 years and, although the defendant has paid compensation for damages on at least three occasions, it has disavowed liability and has failed to prevent golf balls from continuing to enter the plaintiffs' property. The plaintiffs moved for a permanent injunction and for summary judgment on the issue of liability on their causes of action alleging a private nuisance, public nuisance, trespass, and negligence. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the cross motion.

The plaintiffs made a prima facie showing that they were entitled to summary judgment on the issue of liability on their causes of action alleging private nuisance, trespass, and negligence. The plaintiffs established that the defendant's conduct constitutes a private nuisance because the operation of the driving range in a manner that allows golf balls to continuously escape the range produces a tangible and appreciable injury to the plaintiffs' property that renders its enjoyment especially uncomfortable and inconvenient (*cf. Nussbaum v*

*Lacopo,* 27 NY2d 311, 315 [1970]; *see also Hoffman v Foxfire N.,* 1 AD3d 1005 [2003]). The plaintiffs established that the defendant's conduct constitutes a trespass because the golf balls have invaded the plaintiffs' property with such frequency and over such a long period of time, without defendant even attempting to remedy the situation, as to amount to wilfulness (*see Izzo v Town of Smithtown,* 293 AD2d 653 [2002]; *Zimmerman v Carmack,* 292 AD2d 601, 602 [2002]). Finally, the plaintiffs established that the defendant was negligent because it breached its duty to exercise reasonable care in the maintenance and use of its property to prevent foreseeable injury that might occur on adjoining property by failing to take precautions in design and location, in the form of play, or in the erection of protective devices as a safeguard against injury to the plaintiffs (*see Hawkes v Catatonk Golf Club,* 288 AD2d 528, 530 [2001]; *Gayden v City of Rochester,* 148 AD2d 975 [1989]; *see also Nussbaum v Lacopo, supra* at 317; *Welch v City of Glen Cove,* 273 AD2d 302 [2000]). In opposition to the plaintiffs' motion, the defendants failed to raise any triable issue of fact with regard to those claims. Therefore, the Supreme Court erred in denying those branches of plaintiffs' motion which were for a permanent injunction and for summary judgment on the issue of liability on their causes of action alleging a private nuisance, trespass, and negligence.

The plaintiffs failed to make a prima facie showing that they were entitled to summary judgment on the issue of liability on their causes of action alleging a public nuisance because they did not allege a special injury beyond that suffered by the community at large (*see Wheeler v Lebanon Val. Auto Racing Corp.,* 303 AD2d 791, 793 [2003]). While the public nuisance claim was predicated on the allegation that golf balls landing on Seawane Drive, a public road, render passage on the road dangerous to the public, the plaintiffs did not allege that they personally had been injured as a result of a golf ball landing on the road. Therefore, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on their cause of action alleging public nuisance.

Finally, the defendant made a prima facie showing of entitlement to summary judgment dismissing so much of the complaint as sought punitive damages. Punitive damages may be awarded only where the defendant is guilty of "quasicriminal conduct," "utterly reckless behavior," "a malicious intent . . . to injure plaintiffs," or of "gross, wanton or willful fraud" (*Maitrejean v Levon Props. Corp.,* 87 AD2d 605, 605-606 [1982], *affd* 57 NY2d 902 [1982]). While the plaintiffs' evidence demonstrated that

the defendant had knowledge that the golf balls from its driving range were causing damage, and the complaint characterized the defendant's conduct as "willful and reckless," there was no evidence that the defendant's behavior was utterly reckless, malicious, or fraudulent. In response, the plaintiffs failed to raise a triable issue of fact regarding the issue of whether the defendants' conduct warranted punitive damages. Therefore, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought punitive damages. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.