■ NANCY BROWN, Respondent, v LONG ISLAND RAILROAD COMPANY, Also Known as LONG ISLAND RAILROAD, et al., Respondents, et al., Defendant, and INCORPORATED VILLAGE OF LYNBROOK, U.S.A., Appellant. [821 NYS2d 133]—

In an action to recover damages for wrongful death and conscious pain and suffering, the defendant Incorporated Village of Lynbrook, U.S.A., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered October 27, 2004, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 14, 2002 10-year-old Kevin Brown was fatally injured when he allegedly came into contact with the electrified third rail of railroad tracks owned and/or maintained by the defendants Long Island Railroad Company, also known as Long Island Railroad, and Metropolitan Transportation Authority. Brown allegedly entered onto the railroad tracks through a broken metal guard rail off an adjacent dirt pathway owned by the appellant Incorporated Village of Lynbrook, U.S.A. The dirt pathway allegedly was used, among other things, by children to get to and from a nearby park.

The Supreme Court properly denied the Village's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. As the owner of adjacent land, the Village owed a duty to exercise reasonable care in the maintenance of its property to prevent foreseeable injury that might occur on the adjoining property (see Scurti v City of New York, 40 NY2d 433, 445 [1976]; Leone v City of Utica, 66 AD2d 463, 466 [1979]). The Village failed to satisfy its burden of establishing its entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Since the Village failed to establish its prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be considered (see Winegrad v New York Univ. Med. Ctr., supra; Paulino v Dedios, 24 AD3d 741 [2005]; Walker v Village of Ossining, 18 AD3d 867 [2005]). Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.