■ DEREK DONNELLY et al., Appellants-Respondents, v FORTU-
NATO NICOTRA et al., Respondents-Appellants. [867 NYS2d 118]—

In an action, inter alia, to recover damages for private
nuisance and malicious prosecution, the plaintiffs appeal, as
limited by their brief, from so much of an order of the Supreme
Court, Nassau County (Winslow, J.), entered August 17, 2007,
as granted that branch of the defendants' motion which was for
summary judgment dismissing the cause of action alleging mali-
cious prosecution, and the defendants cross-appeal, as limited
by their brief, from so much of the same order as denied that
branch of their motion which was for summary judgment
dismissing the cause of action alleging private nuisance.

Ordered that the order is affirmed insofar as appealed and
cross-appealed from, without costs or disbursements.

The defendants established their prima facie entitlement to
judgment as a matter of law dismissing the cause of action al-
leging malicious prosecution by presenting evidence that they
did no more than furnish information to law enforcement
authorities. "[A] civilian complainant, by merely seeking police
assistance or furnishing information to law enforcement
authorities who are then free to exercise their own judgment as
to whether an arrest should be made and criminal charges filed,
will not be held liable for false arrest or malicious prosecution"
(*Levy v Grandone*, 14 AD3d 660, 661 [2005] [citation and
internal quotation marks omitted]; *see Du Chateau v Metro-
North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999]). In op-
position to the defendants' prima facie showing, the plaintiffs
failed to raise a triable issue of fact as to whether the defendants
"played an active role in the prosecution, such as giving advice
and encouragement or importuning the authorities to act"
(*Mesiti v Wegman*, 307 AD3d 339, 340 [2003] [internal quota-
tion marks omitted]; *see Williams v Amin*, 52 AD3d 823 [2008];
*Levy v Grandone*, 14 AD3d at 661-662; *Wasilewicz v Village of
Monroe Police Dept.*, 3 AD3d 561, 562 [2004]; *Du Chateau v
Metro-North Commuter R.R. Co.*, 253 AD2d at 131). Therefore,
the Supreme Court properly granted that branch of the
defendants' motion which was for summary judgment dismiss-
ing the cause of action alleging malicious prosecution.

"The elements of a private nuisance cause of action are '(1)
an interference substantial in nature, (2) intentional in origin,
(3) unreasonable in character, (4) with a person's property right

to use and enjoy land, (5) caused by another's conduct in acting or failure to act' " (*JP Morgan Chase Bank v Whitmore*, 41 AD3d 433, 434 [2007], quoting *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]). Here, the plaintiffs' submissions in opposition to the defendants' prima facie showing of their entitlement to summary judgment, including the affidavit of the plaintiff Derek Donnelly and the affidavit of the plaintiffs' engineering expert, raised triable issues of fact with respect to the reasonableness of the defendants' activities and the degree of interference with the plaintiffs' use and enjoyment of their land. Therefore, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging private nuisance (*see Futerfas v Shultis*, 209 AD2d 761, 763 [1994]; *Murray v Young*, 97 AD2d 958 [1983]). Fisher, J.P., Covello, McCarthy and Leventhal, JJ., concur.