■ JOHN ARISTIDES et al., Respondents, v PHILLIP FOSTER et al., Appellants. [901 NYS2d 688]—

In an action, inter alia, to recover damages for private nuisance, the defendants appeal from an order of the Supreme Court, Suffolk County (Sgroi, J.), dated May 22, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The defendants Phillip Foster and Kathy Foster operate a 7-Eleven store franchise on Laurel Road in East Northport, Suffolk County. The defendant 7-Eleven, Inc., is the franchisor. The plaintiffs own and reside in a house on Laurel Road, separated from the 7-Eleven store by one commercial building. The 7-Eleven store existed at the time the plaintiffs purchased their home in 1978. The plaintiffs commenced this action, inter alia, to recover damages for private nuisance. Primarily, their claims were based on allegations that, beginning in 1999, vendors making deliveries at all hours parked their tractor-trailer vehicles on the roadway, blocking access to the plaintiffs' home, emitting pollution and noise as the trucks idled; that patrons of the store

also parked in front of their residence, blocking access thereto; and that patrons loitered on and near the 7-Eleven store, creating noise and disturbances. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion. We affirm.

The elements of a private nuisance cause of action are an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act (see *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]; *Donnelly v Nicotra*, 55 AD3d 868, 868-869 [2008]; *JP Morgan Chase Bank v Whitmore*, 41 AD3d 433, 434 [2007]; *Vacca v Valerino*, 16 AD3d 1159, 1160 [2005]; *Zimmerman v Carmack*, 292 AD2d 601, 602 [2002]). Here, the defendants failed to establish their entitlement to judgment as a matter of law by eliminating all triable issues of fact as to whether the conditions alleged constituted a private nuisance and whether they caused the alleged nuisance. The defendants claim that the plaintiffs "seek to blame [them] for their general dissatisfaction with the commercial nature of the neighborhood," and assert that the plaintiffs cannot prove that the vehicles which park in front of their property, obstructing their access thereto, are not associated with the many other commercial establishments in the immediate area. However, the defendants failed to refute the plaintiffs' statements in their deposition testimony, submitted by the defendants in support of their motion, that trucks delivering goods to the 7-Eleven store, as well as patrons of the store, frequently, even daily and multiple times during the course of some days, park their vehicles in front of the plaintiffs' home, blocking the plaintiffs' access thereto, and leave the vehicles idling, emitting noise and fumes. Moreover, while the 7-Eleven store existed and received deliveries by truck when the plaintiffs purchased their home, according to the testimony of the plaintiff Susanne Aristides, in 1995, 1996, or 1997, she observed that the trucks delivering goods to the 7-Eleven store began to be larger, 80- or 85-foot-long tractor-trailer trucks, as opposed to the "small little tiny trucks" that previously made these deliveries. Additionally, given the plaintiffs' descriptions of the conditions created by these circumstances, contrary to the defendants' contention, they failed to establish that the conditions were not sufficiently substantial in nature and unreasonable in character as to constitute a private nuisance. In this regard, Susanne Aristides testified that she photographed vehicles parked in front of the plaintiffs' home as frequently as 10 to 15 times per day. She stated that she is "out just about every day taking pictures."

She also estimated that she had recorded approximately 1,000 license plates of offending vehicles. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.

The defendants' remaining contention is raised for the first time on appeal, and, accordingly, is not properly before this Court (*see Wilner v Allstate Ins. Co.*, 71 AD3d 155 [2010]). Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.