■ LORRAINE BROXMEYER et al., Appellants, v UNITED CAPITAL CORPORATION et al., Respondents. [914 NYS2d 181]—

In an action to recover damages for private nuisance and negligence and for declaratory relief, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Parga, J.), entered September 4, 2009, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered January 27, 2010, which, upon the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof in favor of the defendants and against the plaintiffs Lorraine Broxmeyer and Vitaliy Lyutyk dismissing the second and third causes of action insofar as asserted by those plaintiffs, and (2) by adding thereto a provision declaring that the defendants did not violate section 145.5 of the Code of the Village of Great Neck Plaza; as so modified, the judgment is affirmed, without costs or disbursements, those branches of the defendants' motion which were for summary judgment dismissing the second and third causes of action in the complaint insofar as asserted by the plaintiffs Lorraine Broxmeyer and Vitaliy Lyutyk are denied, the second and third causes of action insofar as asserted by the plaintiffs Lorraine Broxmeyer and Vitaliy Lyutyk are reinstated and severed, and the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant AFP Nine Corporation (hereinafter AFP), a subsidiary of the defendant United Capital Corporation (hereinafter UCC), purchased a commercial building (hereinafter the

Grace Building) at 11 Grace Avenue in Great Neck Plaza, in a foreclosure proceeding. Six large heating, ventilating, and air conditioning units (hereinafter the HVAC units) were housed on the roof of the Grace Building and used to maintain the climate inside the building. At the time of purchase, the defendants replaced the HVAC units with six new units.

The plaintiff Lorraine Broxmeyer owns two apartments, and the plaintiff Vitaliy Lyutyk owns one apartment, in residential buildings located next to the Grace Building. The plaintiff Terence Eckstein, Broxmeyer's son, resides in one of Broxmeyer's apartments, but does not have an ownership or leasehold interest in the apartment. The subject apartments are adjacent to the roof of the Grace Building, near the HVAC units. The plaintiffs complained about the noise made by the operation of the HVAC units, and the issue was discussed at numerous meetings held by the Village of Great Neck Plaza. Noise studies were performed, but the Village's Mayor determined that the HVAC units did not violate the provisions of the Code of the Village of Great Neck Plaza (hereinafter the Village Code) concerning noise limits, and no action was taken by the defendants to abate the noise from the HVAC units. Consequently, the plaintiffs commenced this action, asserting three causes of action, for a judgment declaring that the defendants violated section 145.5 of the Village Code, and to recover damages for private nuisance and for negligence, respectively.

A property owner owes a duty to exercise reasonable care in the maintenance of its property to prevent foreseeable injury that might occur on the adjoining property (*see Brown v Long Is. R.R. Co.*, 32 AD3d 813 [2006]; *Gellman v Seawane Golf & Country Club, Inc.*, 24 AD3d 415, 418 [2005]; *Gayden v City of Rochester*, 148 AD2d 975, 975-976 [1989]). In addition, a property owner may be liable for creating a private nuisance. An essential feature of a private nuisance is an interference with the use or enjoyment of property, and "[i]t is actionable by the individual person or persons whose rights have been disturbed" (*Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 568 [1977]). "The elements of a private nuisance cause of action are an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*Aristides v Foster*, 73 AD3d 1105, 1106 [2010]; *see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d at 568; *Donnelly v Nicotra*, 55 AD3d 868, 868-869 [2008]). "[E]xcept for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a ques-

tion for the jury, unless the evidence is undisputed" (*Weinberg v Lombardi*, 217 AD2d 579 [1995]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing all three causes of action by demonstrating that the noise produced by the subject HVAC units housed on the roof of the Grace Building did not violate the local noise ordinance. In opposition, Broxmeyer and Lyutyk raised a triable issue of fact with respect to the second cause of action as to whether the noise created by the operating HVAC units constituted a private nuisance by submitting affidavits describing the way that noise adversely affected the enjoyment of their apartment homes (*see Aristides v Foster*, 73 AD3d at 1106; *Donnelly v Nicotra*, 55 AD3d at 868-869; *Weinberg v Lombardi*, 217 AD2d at 579). In addition, the plaintiffs' affidavits raised a triable issue of fact relating to the third cause of action alleging negligence as to whether the defendants breached their duty to exercise reasonable care in the maintenance and operation of the subject HVAC units to prevent foreseeable injury to the adjacent property owners (*see Brown v Long Is. R.R. Co.*, 32 AD3d at 813; *Gellman v Seawane Golf & Country Club, Inc.*, 24 AD3d at 418; *Gayden v City of Rochester*, 148 AD2d at 975-976).

However, the plaintiffs failed to raise a triable issue of fact as to the first cause of action for a judgment declaring that the defendants violated applicable provisions of the Village Code. Although hearsay may be considered in opposition to a motion for summary judgment, it is insufficient to raise a triable issue if it is the only evidence submitted (*see Stock v Otis El. Co.*, 52 AD3d 816, 816-817 [2008]). Here, in support of the allegation that the HVAC units exceeded levels established in the Village Code, the plaintiffs submitted only reports of noise studies which were not in admissible form. Accordingly, the defendants were entitled to summary judgment dismissing the first cause of action and, in effect, declaring that they did not violate section 145.5 of the Village Code.

The plaintiffs seek to hold UCC liable for damages based upon private nuisance and negligence on the theory that it is the alter ego of its subsidiary, AFP. "In order for corporations to be considered alter egos, there must be direct intervention by the parent in the management of the subsidiary to such an extent that the subsidiary's paraphernalia of incorporation, directors and officers are completely ignored" (*George v IBC Sales Corp.*, 76 AD3d 950, 952 [2010] [internal quotation marks omitted]; *see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980]). "A parent company will not be held liable for the torts

of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary" (*Serrano v New York Times Co., Inc.*, 19 AD3d 577, 578 [2005]; *see Nassau County v Richard Dattner Architect, P.C.*, 57 AD3d 494, 495 [2008]). Here, the defendants submitted evidence establishing that AFP was solely responsible for the management and maintenance of the Grace Building. In opposition, the plaintiffs submitted evidence which raised a triable issue of fact as to UCC's dominion and control over AFP and the subject premises (*see Marrone v South Shore Props.*, 29 AD3d 961, 962 [2006]; *Cherkasets v Gordon*, 21 AD3d 856, 857 [2005]; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595 [1997]).

Accordingly, the Supreme Court improperly granted summary judgment dismissing the second and third causes of action insofar as asserted by Broxmeyer and Lyutyk against the defendants. However, the defendants established their prima facie entitlement to judgment as a matter of law against Eckstein by demonstrating that he did not have standing to assert his claims, as he lacked the requisite property interest (*see Kavanagh v Barber*, 131 NY 211, 213-214 [1892]; *Weinberg v Lombardi*, 217 AD2d 579 [1995]). In opposition, the plaintiffs failed to raise a triable issue of fact as to Eckstein's standing. Accordingly, the Supreme Court properly awarded summary judgment dismissing the complaint insofar as asserted by Eckstein against the defendants.

Since this is, in part, a declaratory judgment action, the Supreme Court, Nassau County, should have included in the judgment appealed from an appropriate declaration in favor of the defendants with respect to section 145.5 of the Village Code (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32092(U).]**