In an action for injunctive relief and to recover damages for nuisance, trespass, and negligence, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Giacomo, J), entered July 10, 2012, as denied those branches of their cross motion which were for a permanent injunction and for summary judgment on the issue of liability and dismissing the first counterclaim, and granted those branches of the defendant’s motion which were for summary judgment dismissing the complaint and on the first counterclaim, and (2) so much of an order of the same court entered December 11, 2012, as denied that branch of their motion which was for leave to renew.
Ordered that the order entered July 10, 2012, is reversed insofar as appealed from, on the law, those branches of the defendant’s motion which were for summary judgment dismissing the complaint and on the first counterclaim are denied, those *834 branches of the plaintiffs’ cross motion which were for a permanent injunction and for summary judgment on the issue of liability and dismissing the first counterclaim are granted, and the defendant is permanently enjoined from operating its golf course in a manner which constitutes a private nuisance and causes a trespass upon the plaintiffs’ property; and it is further,
Ordered that the appeal from the order entered December 11, 2012, is dismissed as academic in light of the determination on the appeal from the order entered July 10, 2012; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action for injunctive relief and to recover damages for nuisance, trespass, and negligence, alleging that the defendant, Quaker Ridge Golf Club (hereinafter Quaker Ridge), failed to take the necessary and proper steps to prevent the incursion of golf balls onto their property. Quaker Ridge generally denied the allegations in the complaint, and asserted counterclaims for injunctive relief, inter alia, directing the plaintiffs to comply with restrictive covenants relating to the preservation of trees on the property, and to recover damages incurred as a result of the plaintiffs’ failure to do so.
After discovery, Quaker Ridge moved for summary judgment dismissing the complaint and on its counterclaims. Among other things, Quaker Ridge argued that the plaintiffs’ conduct in failing to preserve trees on their property was the sole cause of the golf ball incursions. The plaintiffs opposed the motion and cross-moved for a permanent injunction and for summary judgment on the issue of liability and dismissing the counterclaims, contending that they were not responsible for adhering to the tree preservation plan because it was not a recorded document and not in their chain of title. The plaintiffs further asserted that Quaker Ridge was liable for damages resulting from golf balls landing on the plaintiffs’ property.
The Supreme Court granted those branches of Quaker Ridge’s motion which were for summary judgment dismissing the complaint and on its first counterclaim. The court denied those branches of the plaintiffs’ cross motion which were for a permanent injunction and for summary judgment on the issue of liability and dismissing the first counterclaim, and granted that branch of the cross motion which was for summary judgment dismissing Quaker Ridge’s second counterclaim. The plaintiffs subsequently moved, inter alia, for leave to renew their opposition to Quaker Ridge’s motion for summary judgment dismissing the complaint. In an order entered December 11, 2012, the Supreme Court denied the motion. The plaintiffs appeal from both orders.
*835 “The elements of a private nuisance cause of action are an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person’s property right to use and enjoy land, (5) caused by another’s conduct in acting or failure to act” (Aristides v Foster, 73 AD3d 1105, 1106 [2010]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]; Donnelly v Nicotra, 55 AD3d 868, 868-869 [2008]). Here, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging private nuisance by demonstrating that Quaker Ridge has operated its golf course in a manner that has failed to sufficiently reduce the number of golf balls landing on the plaintiffs’ property, producing a tangible and appreciable injury to the property that renders its enjoyment especially uncomfortable and inconvenient (see Gellman v Seawane Golf & Country Club, Inc., 24 AD3d 415, 417 [2005]; cf. Nussbaum v Lacopo, 27 NY2d 311, 315 [1970]; see also Hoffman v Foxfire N., 1 AD3d 1005 [2003]).
Likewise, the plaintiffs’ submissions were sufficient to establish their prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging trespass. “The essence of trespass is the invasion of a person’s interest in the exclusive possession of land” (Zimmerman v Carmack, 292 AD2d 601, 602 [2002]). The invasion of, or intrusion upon, the property interest “must at least be the immediate or inevitable consequence of what [the defendant] willfully does, or which he does so negligently” (Phillips v Sun Oil Co., 307 NY 328, 331 [1954]). Here, the plaintiffs’ submissions demonstrate that golf balls have invaded their property with such frequency and over such a long period of time, without Quaker Ridge taking steps to sufficiently abate the situation, so as to amount to willfulness (see Gellman v Seawane Golf & Country Club, Inc., 24 AD3d at 418; Izzo v Town of Smithtown, 293 AD2d 653, 654 [2002]; Zimmerman v Carmack, 292 AD2d at 602).
Furthermore, the plaintiffs established, prima facie, that Quaker Ridge breached its duty to exercise reasonable care in the maintenance and use of its property to prevent foreseeable injury that might occur on adjoining property by failing to take precautions in design and location, in the form of play, or in the erection of protective devices as a safeguard against injury to the plaintiffs’ property (see Gellman v Seawane Golf & Country Club, Inc., 24 AD3d at 418; see also Broxmeyer v United Capital Corp., 79 AD3d 780, 782 [2010]; Brown v Long Is. R.R. Co., 32 AD3d 813 [2006]).
In opposition to the plaintiffs’ showing, Quaker Ridge failed *836 to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to the Supreme Court’s determination, Quaker Ridge did not establish that the plaintiffs were bound by a tree preservation plan, or that the plaintiffs’ conduct in failing to preserve trees on their property was the sole proximate cause of the condition underlying their claims of nuisance, trespass, and negligence.
Accordingly, the Supreme Court erred in granting that branch of Quaker Ridge’s motion which was for summary judgment dismissing the complaint. The court also should have granted those branches of the plaintiffs’ cross motion which were for a permanent injunction and for summary judgment on the issue of liability and dismissing Quaker Ridge’s first counterclaim.
In light of our determination, the plaintiffs’ appeal from so much of the order entered December 11, 2012, as denied that branch of their motion which was for leave to renew has been rendered academic.
Rivera, J.E, Sgroi, Hinds-Radix and Maltese, JJ., concur.