408 St. John's LLC v Valentine (2025 NY Slip Op 51878(U))

[*1]

408 St. John's LLC v Valentine

2025 NY Slip Op 51878(U)

Decided on November 26, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 26, 2025
Supreme Court, Kings County

408 St. John's LLC, Plaintiff,

against
Innocencere Valentine, a/k/a PHYLLIS BARTHOLOMEW, 
 NICOLE VALENTINE, TALBERT PETER VALENTINE, JR., Defendants.

Index No. 15550/2014

 
Aaron D. Maslow, J.

The following e-filed papers were read herein.
Motion Seq. 4: NYSCEF Nos. 51-84, 123-163, 165-169, 177-178.
Motion Seq. 5: NYSCEF Nos. 86-122, 170-176, 179.
Upon the foregoing papers, plaintiff 408 St. John's LLC moves for an order, pursuant to CPLR 3212, granting 1) summary judgment on liability and damages against defendants Innocencere Valentine, a/k/a Phyllis Bartholomew (Innocencere), Nicole Valentine (Nicole) and Talbert Peter Valentine, Jr. (Talbert) on all causes of action alleged in plaintiff's Second Amended Verified Complaint (SAVC), sounding in non-payment of use and occupancy (U&O) arrears and nuisance, including a money judgment for $46,585.34; (2) a declaration of the legal regulated rent of the subject premises and (3) a writ of assistance/warrant of eviction removing all defendants on the basis of non-payment and nuisance (Motion Sequence [MS] # 4). Innocencere, Nicole and Talbert (collectively, "defendants") move for an order, pursuant to CPLR 3212, granting partial summary judgment dismissing the first, second and fourth causes of [*2]action in the SAVC which seek recovery of U&O for a certain period (MS # 5).
This action concerns the occupants of Apartment 2D (the Apartment) in a cooperative building at 408 St. John's Place in Brooklyn. Plaintiff is the owner of the Apartment as a shareholder of the cooperative and proprietary lessee. Until her death on June 27, 2011, the Apartment was occupied by Matilda Bartholomew (Matilda) pursuant to a rent-stabilized lease, with plaintiff as landlord, for a monthly legal regulated rent of $720.25. Innocencere is the daughter of Matilda. Nicole and Talbert are the children of Innocencere and grandchildren of Matilda. Following Matilda's death, Innocencere and Nicole offered to pay the rent set forth in Matilda's lease for their continued occupancy of the Apartment and sent plaintiff three payments of $720.25, which plaintiff refused to accept. 
On June 14, 2013, plaintiff commenced the first of two summary proceedings in Kings County Housing Court seeking to evict defendants from the Apartment. In the proceeding, plaintiff sought eviction on the ground that defendants had occupied the Apartment only as licensees of Matilda, whose lease had expired. In addition to a judgment awarding possession and issuance of a warrant of eviction, the petition sought a "judgment for rent/use & occupancy in arrears . . . from July 1, 2011." Among their affirmative defenses to the proceeding was that defendants were entitled to continue occupancy of the Apartment as rent-stabilized successors to Matilda's lease. By order dated May 29, 2014, Housing Court Judge Kevin C. McClanahan denied plaintiff's request for U&O payments for the period prior to the petition date of June 14, 2013. Following trial, Housing Court Judge Hannah Cohen issued a decision and order finding that Innocencere and Nicole were entitled to succeed to the rent-stabilized tenancy of Matilda and ordering plaintiff to provide these defendants with a rent-stabilized lease in their names "forthwith." On or about May 23, 2017, plaintiff filed an appeal of the decision and order of Judge Cohen to the Appellate Term of the Supreme Court for the 2nd, 11th, and 13th Judicial Districts. On August 7, 2017, the parties stipulated that pending determination of the appeal from Judge Cohen's decision and order, plaintiff would continue to accept U&O payments of $720.25 per month and plaintiff's obligation to provide defendants with a rent-stabilized lease would be stayed. The Appellate Term affirmed the decision and order of Judge Cohen on July 24, 2020. On November 24, 2020, plaintiff filed a motion for leave to reargue the Appellate Term's decision and order. On July 7, 2021, the Appellate Term denied plaintiff's motion for leave to reargue. On August 12, 2021, plaintiff submitted a motion for leave to appeal the Appellate Term's decision to the Supreme Court, Appellate Division, Second Department. The Appellate Division denied leave to appeal by decision and order dated October 20, 2021.
The second of the summary proceedings against defendants in Housing Court was initiated by plaintiff on April 10, 2014. In this proceeding, plaintiff sought to evict defendants on the ground that defendants failed to remedy nuisance conditions described in a notice to cure served upon them, which conditions included excessive noise and property damage. Plaintiff also sought to recover U&O from defendants for the period from July 1, 2011 through March 31, 2014, and for periods thereafter. By order dated June 10, 2014, Housing Court Judge Marcia J. Sikowitz ordered defendants to begin paying U&O in the amount of $720.25 per month, beginning with April 2014, and for all months thereafter. By order dated March 4, 2015, Housing Court Judge Leslie A. Stroth dismissed plaintiff's petition. Plaintiff's motion to reargue and subsequent appeal of Judge Stroth's order were unsuccessful. 
On November 3, 2014, plaintiff filed its initial verified complaint in this plenary Supreme Court action. The complaint sought to recover unpaid U&O for the period from July 1, 2011 [*3]forward. On October 28, 2015, proceedings in the instant action were stayed pending completion of the first holdover proceeding. Plaintiff filed the SAVC on December 11, 2023. In the SAVC, plaintiff alleges that defendants have failed to pay rent and/or U&O for the period of July 1, 2011 through June 2023 which, based upon the $720.25 rent in Matilda's final lease, totaled $31,185.98, and that defendants failed entirely to pay for the period between July 1, 2011 and March 2014. Plaintiff alleges that defendants further have engaged in continued nuisance behavior substantially affecting other tenants at the property, to the detriment of the Apartment, and to the detriment of the plaintiff. The alleged conduct includes flooding the unit below the Apartment (Apt. 1D) by using the shower without any shower curtains; unlawful and unpermitted construction causing excessive noise by hammering and sawing; flooding Apt. 1D by removing the shower handles and covers from the spindles of the shower, exposing the holes and pipes inside the wall; flooding Apt. 1D by removing the existing shower head and replacing it with a handheld showerhead, causing more water to spill out due to lack of use of a shower curtain; flooding Apt. 1D again by pulling the caulking from around the bathtub, causing water to seep through the walls; breaking the kitchen cabinet shelves due to overloading of the cabinets; removing the doors from the cabinet hinges; breaking the spindles off the shower handle; flooding Apt. 1D again by covering the bathtub drain with hair and not bothering to clean it; and flooding Apt. 1D again by hanging a shower caddy and clothes on the shower head pipe, causing the pipes inside the wall to break.
In the SAVC, plaintiff sets forth six causes of action. The first cause of action seeks to recover U&O under the theory of "quantum meruit." The second cause of action seeks U&O under the theory of "unjust enrichment." The third cause of action seeks "additional damages" for property damage. The fourth cause of action seeks ejectment of defendants, based on their failure to pay U&O. The fifth cause of action seeks ejectment of defendants based upon acts of nuisance which include the alleged property damage and unreasonable noise. The sixth cause of action seeks a declaratory judgment setting forth the legal regulated rent, taking into account Rent Guidelines Board (RGB) rent increase allowances for the relevant time period. Plaintiff has cited its uncertainty over the legal regulated rent as the reason it has not offered Innonencere and Nicole a rent-stabilized lease as ordered by the Housing Court. A note of issue was filed in this matter on May 16, 2025. Plaintiff thereafter brought the instant motion for summary judgment on all causes of action in the SAVC. Defendants move for partial summary judgment dismissing the first, second and fourth causes of action in the SAVC to the extent they seek U&O for the period between July 1, 2011 and March 31, 2014. Defendants concede liability to pay U&O for the months after March 2014, but maintain that despite plaintiff's claims of arrears, outstanding payments for this period have been made to plaintiff or have been deposited with their attorneys.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Failure to make such prima facie showing requires a denial of the motion regardless of the sufficiency of the opposing papers (id.) The proof submitted to the court should be scrutinized carefully in the light most favorable to the party opposing the motion (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). It is not sufficient for the moving party to simply point to alleged deficiencies in the proof of the party opposing the motion (see Daries v Haym Solomon Home for Aged, 4 AD3d 447, 448 [2d Dept 2004]). Once this showing has been made, the burden shifts to the party opposing the motion to lay bare its proof and present [*4]evidentiary facts sufficient to raise a genuine triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]). Mere conclusory assertions, devoid of evidentiary facts, are insufficient for this purpose, as is reliance upon surmise, conjecture, or speculation (see Smith v Johnson Prods., 95 AD2d 675, 676 [1st Dept 1983]). "It is not the court's function on a motion for summary judgment to assess [issues of] credibility" (Chimbo v Bolivar, 142 AD3d 944, 945 [2d Dept 2016]; Garcia v Stewart, 120 AD3d 1298, 1299 [2d Dept. 2014]), nor to "engage in the weighing of evidence" (Chimbo, 142 AD3d at 945; Scott v Long Is. Power Auth., 294 AD2d 348, 348 [2d Dept. 2002]). "Resolving questions of credibility, determining the accuracy of witnesses, and reconciling the testimony of witnesses are for the trier of fact" (Bykov v Brody, 150 AD3d 808, 809 [2d Dept 2017]; accord Kahan v Spira, 88 AD3d 964, 966 [2d Dept 2011]). Thus, "[a] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruiz v Griffin, 71 AD3d 1112, 1115 [2d Dept 2010]).
Turning first to defendants' motion seeking partial summary judgment dismissing plaintiff's claims for U&O for July 1, 2011 through March 31, 2014, the occupancy of the Apartment by defendants during this period is not disputed. While there was no lease or agreement between plaintiff and defendants at said time regarding occupancy of the Apartment, the "obligation to pay for use and occupancy does not arise from an underlying contract between the landlord and the occupant" (Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559, 559 [2d Dept 1999]; see Ministers, Elders & Deacons of Refm. Prot. Dutch Church of City of NY v 198 Broadway, 152 Misc 2d 936 [Civ Ct, NY County 1991]). "Rather, an occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is 'imposed by law for the purpose of bringing about justice without reference to the intention of the parties' " (Eighteenth Assoc., 257 AD2d at 559-560, quoting Rand Products Co. v. Mintz, 72 Misc 2d 621, 622 [App Term, 1st Dept] [citations omitted]). The absence of privity of contract is not a bar to a cause of action to recover damages for use and occupancy (see 19 W. 45th St. Realty Co. v Doram Elec. Corp., 233 AD2d 184 [1st Dept 1996]). Further, it has been determined by the Housing Court that Innocencere and Nicole are entitled to a rent-stabilized lease to the Apartment as successors to Matilda, and it is clear that these defendants are fully intending to continue occupancy of the Apartment as rent stabilized tenants. Under the circumstances, defendants "should not only be prepared to pay for their ongoing use and occupancy of the apartment during the pendency of this action, but also to account for their past use and occupancy" (Esposito v Larig, 174 AD3d 574, 576 [2d Dept 2019]; see Levinson v 390 W. End Assoc., L.L.C., 22 AD3d 397, 403 [1st Dept 2005]). 
Contrary to defendants' argument, the court does not find that the claim for U&O for July 1, 2011 through March 31, 2014 is precluded under res judicata by the decisions rendered in Housing Court. "The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Webb v Greater NY Auto. Dealers Assn., Inc., 144 AD3d 1134, 1134 [2d Dept 2016] [internal quotation marks omitted]). "Under the doctrine . . ., a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior [action]" (L.T. Motors Auto Sales, Inc. v Kaplon-Belo Assoc., Inc., 230 AD3d 1309, 1311 [2d Dept 2024] [internal quotation marks omitted]). "This doctrine is [*5]designed to provide finality in the resolution of disputes, recognizing that considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation" (Matter of Grossbarth v Danker, Milstein & Ruffo, P.C., 142 AD3d 706, 707 [2d Dept 2016] [alteration and internal quotation marks omitted]). "Res judicata is inapplicable where a party is unable to seek a certain remedy or form of relief in the first action because of limitations on the subject matter jurisdiction of the court or restrictions on its authority to entertain multiple remedies or forms of relief in a single action" (Ross Realty v V&A Fabricators, Inc., 42 AD3d 246, 250-251 [2d Dept 2007]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; Matter of Chodkowski v County of Nassau, 180 AD3d 778, 780 [2d Dept 2020]). "The party asserting the conclusive effect of a prior judgment has the burden to establish it" (Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 629 [2d Dept 2021]).
The denial of pre-petition U&O in the May 29, 2014 Housing Court order was expressly based on the absence of language in Real Property Actions and Proceedings Law [RPAPL] § 745 (2) (applicable to summary proceedings to recover real property) allowing said relief. While the June 10, 2014 order in the second proceeding only awarded prospective U&O going forward from April 2014, there is nothing in the order demonstrating that plaintiff's claim for past use and occupancy was considered by the court and/or that the court could have properly granted U&O for the time prior to the commencement of the proceeding, a position rejected by Judge McClanahan in the May 29, 2014 order rendered in the first proceeding. In short, defendants have not met their burden of establishing that the Housing Court orders have a "conclusive effect" on plaintiff's claim in the instant action for U&O for the period July 2011 through March 2014.
To the extent defendants maintain that plaintiff waived or forewent entitlement to rent or U&O payments prior to the commencement of the first summary proceeding by refusing acceptance of the same, such argument is unavailing since payments cannot, as a matter of sound practice, be accepted by a landlord during the "window period" between the service of a notice of termination and the commencement of a holdover proceeding (see Underhill Realty Co., LLC v Almonte, 84 Misc 3d 651, 658-659 [Civ Ct, Bronx County 2024] ["Acceptance of payment during the period after expiration of a notice of termination but before commencement of the proceeding (the 'window period') may vitiate the predicate notice and nullify the proceeding"] [citations and emphasis omitted]).
Accordingly, defendants' motion (MS # 5) for partial summary judgment is denied.
Turning to the primary motion (MS # 4), plaintiff has established, as a matter of law, that it is entitled to unpaid U&O from defendants for the duration of their undisputed occupancy of the Apartment following the death of Matilda. As the successors to the rent-stabilized tenancy of Matilda, the amount of U&O payable by Innocence and Nicole is properly calculated according to the legal regulated rent collectible by plaintiff during the relevant period (see Esposito v Larig, 241 AD3d 781 [2d Dept 2025]; Kingsley v 300 W. 106th St. Corp., 162 AD3d 420, 420-421 [1st Dept 2018]). The parties do not dispute that the legal regulated rent at the time of Matilda's death in 2011 was the monthly rent charged in her most recent lease ($720.25). According to the registration information from the Division of Housing and Community Renewal (DHCR) (NYSCEF Doc No. 162), the last registration of the legal regulated rent filed with the DHCR by plaintiff was on July 7, 2020, which indicated Matilda as the tenant and the legal regulated rent as $720.25. The rent was not registered for the years following 2020, with plaintiff alleging to the DHCR that the Apartment was temporarily exempt from regulation. [*6]Where an owner fails to file a 'proper and timely' registration, until such registration is filed, the rent is "frozen at the legal regulated rent listed in the preceding registration statement" (Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 684 [1st Dept 2011]; see Rent Stabilization Code [9 NYCRR] § 2528.4 [a]), and the owner is barred from "collecting any rent in excess of that legal regulated rent until a proper registration is filed" (125 Ct. St., LLC v Nicholson, 67 Misc 3d 28, 33 [App Term, 2d Dept 2019] [citations omitted]). Thus, plaintiff is not entitled to collect any increases in the legal regulated rent ($720.25) otherwise allowable under the applicable RGB guidelines, and the court cannot entertain any request by plaintiff to issue an order in contravention of the Rent Stabilization Law and Code "as a matter of equity." 
Accordingly, the legal regulated rent for the Apartment, and appropriate measure of U&O, remains $720.25.
Plaintiff further seeks ejectment of defendants on the ground of nuisance. "The elements of a private nuisance cause of action are an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Aristides v Foster, 73 AD3d 1105, 1106 [2d Dept 2010]; see Copart Indus. v Consolidated Edison Co. of NY, 41 NY2d 564, 568 [1977]; Donnelly v Nicotra, 55 AD3d 868, 868-869 [2d Dept 2008]). "[E]xcept for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed" (Weinberg v Lombardi, 217 AD2d 579, 579 [2d Dept 1995]).
The court finds the proof submitted in support of plaintiff's motion for summary judgment, including the 2023 and 2025 affidavits of plaintiff's principal, Edward Wydra, the 2023 affidavit of the owner of Apt. 1D, photos/video, and the copies of work orders for repairs, are insufficient to establish plaintiff's claims for nuisance as a matter of law. Specifically, there is no admissible proof to substantiate the conclusions by Wydra and the Apt. 1D owner that the leaks and other damage were caused by the alleged acts of defendants (i.e. showering without a shower curtain, hanging objects from the shower head, removing covers, etc.). Wydra testified that he only visited the Apartment once since Matilda's death in 2011, and that the only personal knowledge he had of the physical condition of the Apartment came from what other people have told him and from photos (Deposition Transcript of Edward Wydra, NYSCEF Doc No. 160 at 64, lines 22-25; at 65, lines 1-7). There are no affidavits submitted from the individuals Wydra conversed with or from individuals with knowledge of plumbing and/or apartment repair who observed the damage and can attest that the conditions were caused by the acts of the defendants.
As to the allegations of noise caused by a rambunctious child, moving of furniture and the use of tools, plaintiff's motion presents no evidence, other than the subjective complaints contained in the Apt. 1D owner's 2023 affidavit, establishing as a matter of law that the alleged disturbances were so unreasonable and continuous as to warrant defendants' ejectment. In any event, regardless of the sufficiency of the proof offered by plaintiff, the defendants' opposing affidavits raise a factual dispute which cannot be resolved on a motion for summary judgment (see Rahman v Montesdeoca, 186 AD3d 631, 631 [2d Dept 2020]). 
Accordingly, plaintiff's motion for summary judgment (MS # 4) is granted only as to liability on its claim for any unpaid U&O for the period July 1, 2011 through the pendency of this action, and for a declaration of the legal regulated rent, which is $720.25 per month. The remainder of plaintiff's motion is denied. Defendants' motion for partial summary judgment (MS # 5) is denied.
The court has considered all arguments made by the parties in rendering this decision and any relief not expressly granted herein, has been considered, and is denied.
The foregoing constitutes the decision and order of the court.