Krakovski v Stavros Assoc., LLC (2026 NY Slip Op 00123)

Krakovski v Stavros Assoc., LLC

2026 NY Slip Op 00123

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-00509
 (Index No. 26345/09)

[*1]Robert Krakovski, appellant, 
vStavros Associates, LLC, respondent.

Mavronicolas Law Group PLLC, New York, NY (Peter C. Dee of counsel), for appellant.
Capell Barnett Matalon & Schoenfeld, LLP, New York, NY (Michelangelo Macchiarella of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance and trespass, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated December 1, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint and denied the plaintiff's cross-motion, among other things, for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff and the defendant are owners of adjoining properties. The plaintiff commenced this action, inter alia, pursuant to RPAPL 871 for injunctive relief relating to ventilation pipes installed by the defendant in 2008. The ventilation pipes allegedly protruded over the plaintiff's property and emitted exhaust fumes from the boiler in the defendant's building.
By order dated September 18, 2017 (hereinafter the September 2017 order), the Supreme Court, among other things, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action pursuant to RPAPL 871 and denied that branch of the plaintiff's cross-motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to assert causes of action alleging private nuisance and trespass. The plaintiff appealed from the September 2017 order, and this Court modified the September 2017 order so as to grant that branch of the plaintiff's cross-motion (see Krakovski v Stavros Assoc., LLC, 173 AD3d 1146).
Subsequently, the plaintiff served an amended complaint, which asserted causes of action alleging private nuisance and trespass. The defendant moved pursuant to CPLR 3211(a) to dismiss the amended complaint, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"Leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party" (Cirillo v Lang, 206 AD3d 611, 612; see Krakovski v Stavros Assoc., LLC, 173 AD3d at 1147-1148). "Mere lateness is not a barrier to amendment, absent prejudice, which exists where the nonmoving party 'has been hindered in the preparation of its case or has been prevented from taking some measure in support of its position'" (Cirillo v Lang, 206 AD3d at 612 [citation, alterations, and internal quotation marks omitted], quoting Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). Here, contrary to the defendant's contention, it has not shown any prejudice resulting from the delay in the filing of the amended complaint, which the prior order of this Court expressly granted the plaintiff leave to file and serve. Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint as untimely (see CPLR 3025[b]; see also Deutsche Bank Natl. Trust Co. v Groder, 218 AD3d 542).
The amended complaint stated a viable cause of action alleging private nuisance. "On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d 806, 808; see Leon v Martinez, 84 NY2d 83, 87-88). The elements of a private nuisance cause of action are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Samaha v Brooklyn Bridge Park Corp., 230 AD3d 608, 610 [internal quotation marks omitted]; see 61 W. 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 334, mod 16 NY3d 822). "'[E]xcept for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed'" (Broxmeyer v United Capital Corp., 79 AD3d 780, 782-783, quoting Weinberg v Lombardi, 217 AD2d 579, 579). Here, the amended complaint alleged that the defendant constructed ventilation pipes that emitted fumes from a boiler directly into the plaintiff's semi-enclosed yard, near ground level. Thus, the amended complaint adequately alleged a substantial and intentional interference with the plaintiff's use and enjoyment of his property (see Del Vecchio v Gangi, 225 AD3d 666, 668; Curry v Matranga, 194 AD3d 1011, 1013; see also Broxmeyer v United Capital Corp., 79 AD3d at 783).
In addition, the amended complaint stated a viable cause of action alleging trespass. "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn" (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 855 [citations omitted]; see Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037). "'Generally, intangible intrusions, such as by noise, odor, or light alone, are treated as nuisances, not trespass because they interfere with nearby property owners' use and enjoyment of their land, not with their exclusive possession of it'" (Del Vecchio v Gangi, 225 AD3d at 669, quoting Shrage v Con Edison Co., 216 AD3d 1023, 1025). However, the plaintiff also alleged that the defendant's employees and/or agents entered onto his property, without permission, in order to install the ventilation pipes. Under these circumstances, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging trespass (see Orlitsky v 33 Greenwich Owners Corp., 236 AD3d 408; 25-86 41st St., LLC v Guzman, 234 AD3d 649, 652; Del Vecchio v Gangi, 225 AD3d at 668).
However, the Supreme Court properly denied the plaintiff's cross-motion, among other things, for summary judgment on the issue of liability. As to the cause of action alleging private nuisance, the plaintiff did not demonstrate, prima facie, a substantial and unreasonable interference with the use of his property (see Vacation Vil. Homeowners Assn., Inc. v Town of Fallsburg, 233 AD3d 1196, 1198; LiNQ1, LLC v 170 E. End Condominium, 221 AD3d 409, 411). As to the cause of action alleging trespass, the plaintiff failed to submit any evidence of the alleged intrusion onto his property by the defendant's employees and/or agents. Thus, the plaintiff did not establish his prima facie entitlement to judgment as a matter of law on that cause of action (see Spatafore v U.S. Bank Trust N.A., 231 AD3d 985, 986; Vacation Vil. Homeowners Assn., Inc. v Town of Fallsburg, 233 AD3d at 1198).
Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the plaintiff's cross-motion, inter alia, for summary judgment on the issue of liability without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court